McCORD, Judge.
This is an appeal by plaintiffs below from a final judgment, a supplemental final judgment and an order denying motion to vacate final judgment and supplemental final judgment.
On December 20, 1972, appellants filed a complaint for partition requesting that certain real estate owned by appellants and the appellees as tenants in common be partitioned. The parties received their interests in said property as heirs of G. B. Rowell and Linnie C. Rowell, husband and wife, deceased. On May 29, 1973, all of the parties entered into a property settlement and division agreement. Under the agreement, the parties gave their respective attorneys the full authority to divide the real estate into ten parcels of equal value. The agreement further provided that after the property was divided into ten parcels of equal value the attorneys were to then “attempt to distribute the other parcels to those heirs owning property closest or contiguous to said parcels, failing which the parcels shall be numbered and the numbers shall be drawn ,by the heirs. The heirs agree that they shall take those parcels corresponding to the numbers drawn by them.” According to the terms of the agreement, the attorneys divided the property into ten parcels of equal value and on May 13, 1974, they attempted to distribute the properties to the owners of contiguous property, but the attempt failed. It is not disputed that during the negotiations attempting to affect the distribution on May 13, 1974, the various parties stated their preferences and the preferences of two of the appellants were the same as those of two of the appellees. Although the settlement agreement of the parties provided that the parcels be numbered and the numbers “shall be drawn by the heirs,” if agreement as to the distribution of the parcels could not be reached, the trial judge entered final judgment directing that the attorneys conduct a drawing with parcels to be drawn on behalf of the appellants by Allen W. Lindsey, Sr. '(their attorney).
Later, supplemental final judgment was entered assigning each of the ten heirs one of the ten parcels. Appellants contend that they were given no notice of a drawing or a hearing to be held on May 16, 1974, and none of them attended a drawing or a hearing; that each of the appellees who had expressed a preference for a parcel received that parcel and no appellant received a parcel that he had expressed a preference for. Appellants also contend that they discharged their attorney on May 15, *69 1974, and gave no one authority to draw for them. Appellants filed a motion to vacate final judgment and supplemental final judgment which was heard by a second trial judge. Their offer to present testimony at this hearing was declined and their motion was denied.
Although the settlement agreement of the parties authorized the attorneys for the respective parties to divide the real estate into ten parcels of equal value and to attempt distribution to the heirs, it specifically provided that if such distribution failed, “the parcels shall be numbered and the numbers shall be drawn by the heirs.” (emphasis supplied) The trial court erred in modifying the settlement agreement of the parties by directing in the final judgment that the drawing of parcels for the appellants be made for them by Allen W. Lindsey, Sr. The final judgment and the supplemental final judgment are reversed with directions that the trial judge conduct a new drawing and that each of the heirs draw for himself unless authorization of another to draw for him is clearly shown.
BOYER, Acting C. J., and MILLS, J., concur.