583 So.2d 390 (1991)
Larry LEATHERWOOD, Appellant,
v.
Jodi SANDSTROM, f/k/a Jodi Leatherwood and Amerifirst Bank, a Federal Savings Bank, Appellees.
No. 90-2381.
District Court of Appeal of Florida, Fourth District.
July 24, 1991.
*391 Larry Leatherwood, pro se.
Gary S. Maisel of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellees.
WARNER, Judge.
This is an appeal from a final judgment of partition. The appellant makes several claims of error regarding the right to partition and the determinations of the trial court as to the credits to be allowed appellant who had exclusive use of the property. He also claims that the trial court erred in failing to incorporate the parties' stipulation regarding sale of the property as well as errors in the severance of cross-claims against the bank holding the mortgage of the property. We affirm in part and reverse in part.
The parties were divorced in 1980. The dissolution itself was bifurcated from all remaining issues and the judgment of dissolution specifically reserved jurisdiction on all other issues including property rights and child custody. Those issues were decided in 1981 in a final judgment which determined that the parties were tenants in common of the marital home, which is the subject matter of this appeal. The judgment gave the husband custody of the minor son and exclusive possession of the home until the son was "emancipated." When the child turned 18, the appellee commenced this action for partition.
In the final judgment for partition the court gave appellant credit for improvements, *392 mortgage principal, taxes and insurance. The court found that appellee was indebted to appellant for half of that amount and then reduced her indebtedness by half of the reasonable rental value. The court then ordered the sale of the property. From the proceeds the court ordered first, payment of the first mortgage; second, the costs of sale; third, the amount owed to appellant; and fourth, the remainder to be divided between the parties. The court reserved jurisdiction to award costs and attorney's fees pursuant to section 64.081, Florida Statutes (1989).
Appellant claims that he was not awarded a credit based on all of his expenses for upkeep, repair, and improvement of the marital home, citing Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988). In Brandt this court noted the general rule that where the final judgment of dissolution leaves one cotenant in exclusive possession and directs that cotenant to pay all of the obligations of the property, upon partition or sale the tenant paying those obligations is entitled to a credit from the proceeds of the sale of the other's proportionate share of the expenses. This holding was recently approved by the supreme court in Kelly v. Kelly, 583 So.2d 667 (Fla. 1991). It appears in this case that the trial court narrowed the holding of Brandt. First, the final judgment awarded only those amounts which were found by the court to be "improvements" to the property. Thus, the court did not award anything for maintenance and repairs. This is also clear from the judge's comments at the hearing when he said "I'm going to hold some of these to be what I call maintenance, as opposed to capital improvements, but we'll get into that when I do a judgment." While the mere fact that appellant claims amounts for maintenance and repairs does not ipso facto entitle him to those amounts as their necessity and reasonableness may be questioned, Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984), it is apparent from the record here that the trial court simply excluded the whole category of maintenance or repair expenses and focused only on those items which amounted to capital improvements. This was error. On remand, the trial court should also give the husband credit for reasonable and necessary maintenance and repair expenses of the home.
Secondly, the trial court erred in awarding only the principal of the mortgage payments, excluding interest payments. Interest payments are an expense of carrying and maintaining the property, and the appellant should have been given credit for the interest portion of the mortgage payment. Kelly v. Kelly, at 668; Iodice, 460 So.2d at 576. We reject appellant's remaining points with respect to credits and the calculation of reasonable rental value after the son reached the age of majority.
We also reject the appellant's contention that the trial court erred in ordering severance of his cross claim against the mortgagee regarding the actual balance due on the mortgage to the mortgagee. Appellant was disputing late charges added by the mortgagee. Severance is a discretionary matter under Florida Rule of Civil Procedure 1.270(b). School Bd. of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981). However, with that issue still pending it was error to require payment of the mortgagee in full, including disputed late charges, from any proceeds of the sale. The trial court instead could permit payment of undisputed amounts but allow for escrow of disputed amounts until resolution of the cross-claim.
Finally, appellant claims that the trial court erred in requiring a public sale of the property when the parties had previously stipulated to a private sale. An agreed order was entered providing for the private sale of the house and the listing price. No time limit was set for the sale. In the final judgment the trial court allowed the parties three months to effect a private sale. In default of a private sale, the court set a public sale at the end of three months. While the parties are entitled to the benefit of their stipulations, see, e.g., Nowling v. Rowell, 316 So.2d 67 (Fla. 1st DCA 1975), the trial court still has jurisdiction to order a public sale if a private *393 sale cannot be accomplished within a reasonable time, particularly if the reason is a failure by one side to cooperate with the other. Whether or not the requirement of a private sale in three months time is reasonable or arbitrary cannot be gleaned from this record for there was no evidence offered on the issue of how long might be reasonable to offer the home for sale at the stipulated price. We therefore reverse and remand as to the setting of the date of the public sale. On remand the court may wish to take testimony on this issue or simply reserve jurisdiction to reconsider setting a public sale upon motion by either party.
In conclusion we reverse for the trial court to reconsider credits to appellant for reasonable and necessary maintenance and upkeep on the property and for mortgage interest. On remand the trial court should also correct the final judgment as regards payment in full to the mortgage holder so long as the appellant's claim against the mortgagee as to disputed charges is pending. Further, upon remand the trial court should enforce the terms of the agreed stipulation as to a private sale. However, the court should reserve jurisdiction on this issue should attempts at a private sale fail. As to all other issues, we affirm.
ANSTEAD and STONE, JJ., concur.