644 So.2d 135 (1994)
Anthony VISCITO, Sr., Appellant,
v.
Shirley MENDITTO, Appellee.
No. 93-1533.
District Court of Appeal of Florida, Fourth District.
October 19, 1994.
John G. George of John G. George, P.A., Fort Lauderdale, for appellant.
Mitchell B. Luber of Mitchell B. Luber, P.A., Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellant, Anthony Viscito, Sr. (Father), appeals a final order requiring him to pay $500.00 per month in child support. Father contends that the trial court, by awarding child support in excess of his earnings, deviated from the standard child support guidelines without setting forth the necessary findings.
Appellee, Shirley Menditto (Mother), filed a paternity action against Father seeking *136 child support. The majority of the testimony adduced at trial revolved around the life-style, assets and expenses of Father. Father was involved in the food industry business most of his life and has owned a coffee shop and two restaurants. Mother presented the court with a plethora of evidence relating to Father's life-style including multiple gambling trips to Las Vegas, numerous cruises, extensive charges on a charge card, and over $300.00 spent per week on the Florida Lottery. Father testified that he retired for medical reasons in November of 1992. However, evidence was presented that Father was not currently being treated by a medical professional and had not seen a doctor in the past six years. Lawrence Stuartman, a vocational rehabilitation expert, testified that Father was eligible for several different types of food management and sales positions with salaries ranging from $17,000.00 to $32,000.00 per year. Without expressly identifying the amount or source of any income imputed to Father, the trial court ordered him to pay $500.00 per month in child support.
Section 61.30, Florida Statutes (1993), presumptively establishes the amount of child support a parent shall be ordered to pay based upon that parent's income. Additionally, section 61.30(2)(b) provides a mechanism whereby the trial court can impute income to the paying parent. This section provides, in pertinent part:
Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on the parent's part, absent physical or mental incapacities or other circumstances over which the parent has no control... .
Fla. Stat. § 61.30(2)(b) (1993). Florida courts have imputed income where the evidence adduced at trial has supported the finding that the paying parent's past income exceeded that which was claimed at trial. Maddux v. Maddux, 495 So.2d 863 (Fla.4th DCA 1986); Bascuas v. Bascuas, 538 So.2d 520 (Fla.3d DCA 1989). The cases dealing with imputed income have required the trial court to set forth the amount and source of the imputed income. See Levine v. Best, 595 So.2d 278 (Fla.3d DCA 1992); Wendroff v. Wendroff, 614 So.2d 590 (Fla.1st DCA 1993); Woodard v. Woodard, 634 So.2d 782 (Fla.5th DCA 1994).
In the instant case, the only reasonable explanation for awarding $500.00 per month in child support is that the trial court imputed income to Father as is permitted by section 61.30(2)(b). The support guidelines indicate that when a paying parent's income is $2,300.00 per month a court should award $500.00 in support for one child. See Fla. Stat. § 61.30(6) (1993). From the evidence, the only way the trial court could have concluded that Father had an income of $2,300.00 per month was to impute such income to Father. Although the trial court was provided with ample evidence to support a finding of imputed income to Father, no express findings of the amount of income or its source was made by the trial court.
Without express findings concerning the amount of imputed income and its source, this court cannot determine whether the trial court deviated from the standard support schedule. Therefore, this case is reversed and remanded with directions to the trial court to set forth sufficient findings consistent with this opinion. As to all other issues, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
FARMER, J., and OWEN, WILLIAM C. Jr., Senior Judge, concur.