805 So.2d 913 (2001)
Ronald G. WENDEL, Appellant,
v.
Cindy H. WENDEL, Appellee.
No. 2D00-1906.
District Court of Appeal of Florida, Second District.
October 24, 2001.
Karol K. Williams and Allison M. Perry of Karol K. Williams, P.A., Tampa, for Appellant.
Ronald J. Russo, Tampa, for Appellee.
STRINGER, Judge.
The former husband, Ronald G. Wendel, challenges a final judgment of modification which transferred the primary residential care of the parties' two minor children from the former husband to the former wife, Cindy H. Wendel. We affirm the final judgment in all aspects except for the amount of income imputed to the former husband for the purposes of child support.
The former husband argues that the former wife failed to satisfy her burden of demonstrating a substantial change in circumstances since the final judgment of dissolution of marriage and also failed to demonstrate that the change had a negative impact on the children such that a *914 change in custody was justified and in the best interest of the children. See Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1997). Based upon the extensive record before us and the trial court's thorough and careful analysis of the evidence, we find that the former wife has met her extraordinary burden. Thus, the trial court was justified in changing custody of the parties' minor children.
We find, however, that the trial court erred in imputing $79,159 of gross annual income to the former husband. The standard of review for a trial court's imputation of income is whether there is competent, substantial evidence to support it. Hinton v. Smith, 725 So.2d 1154 (Fla. 2d DCA 1999).
Section 61.30(2)(b), Florida Statutes (1999), provides:
(b) Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such [un]employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
The evidence established that the former husband, who was fifty-three years of age at the time of the hearing, has a master's degree in tax law but has not been employed full time as an attorney since 1994. At the time of the modification hearing, the former husband had been employed full time as a real estate sales person for two to three months. In the year before the hearing, the former husband worked part time with a law firm doing estate work and earned only $10,300.
The former wife presented testimony from an economist, Dr. Hartley Mellish, who testified that based on 1995 Florida Bar statistics, United States Department of Labor statistics, and his own knowledge, the average annual earnings in Florida for attorneys with eight or more years of experience was $79,159. Mellish had not conducted a survey of, nor did he have information concerning, actual employment availability in the local area.
The court erred by imputing this level of income to the former husband for two reasons. First, the opinion testimony did not establish the prevailing earning level in the local community. Second, the record indicates that in spite of his advanced degrees, the most the former husband has ever earned was $65,000. Therefore, the trial court's decision to impute $79,159 of income is not supported by competent, substantial evidence. Expert testimony establishing the prevailing earnings level for holders of a particular degree does not constitute evidence sufficient to impute that amount of income to a party. Hinton, 725 So.2d at 1157. Accordingly, we reverse the child support award and remand this case for an evidentiary hearing at which the trial court may further consider evidence of the former husband's earning capacity.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and SALCINES, J., Concur.