843 So.2d 942 (2003)
Ellen ARTUSO, Appellant,
v.
Robert DICK, Appellee.
No. 4D01-4241.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
Rehearing Denied May 21, 2003.
*943 Alan R. Burton, Fort Lauderdale, for appellant.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellee.
WARNER, J.
The mother appeals a final judgment in a paternity action awarding the father primary physical residence of their child and granting other relief. She claims the court abused its discretion in granting the father primary physical residency, vacating her vested arrearage of child support, imputing income to her, denying her attorney's fees, and computing the child support award. We find error only in the failure of the court to make findings supporting the imputed income and the computation *944 of child support. As to all other issues we affirm.
This case has been exceedingly contentious between the parties and has resulted in many proceedings, including a dependency proceeding. The mother originally had custody of the minor son until she voluntarily placed him, at nine months of age, with the father for a period of approximately one year while she remodeled her home. When she asked for his return, the father refused, prompting multiple proceedings. The mother obtained an order of temporary custody for a brief period of time, until the court returned custody to the father. The mother again obtained custody of the child after filing a petition for an injunction for protection against domestic violence. Because of the domestic violence injunction, the Department of Children and Families also filed a petition for the adjudication of dependency as to the father.
Due to these actions, the father was without primary custody of the child for nine months. During this time, the mother did not permit the father to see or speak to the child. On the court's own motion, the child was taken from the mother and again placed with the father. The court further ordered the mother to have no contact with the child. Subsequently, the dependency case was dismissed.
During the proceedings, while the child was in her custody, the mother obtained an award of child support. This order was entered in December, 1999, and included retroactive child support to September. In April, 2000, the father filed a petition to determine the paternity of the child and to establish primary residency and support for the child. The court awarded custody to the father on May 22, 2000. Later, the father moved for a temporary order of support. The mother moved to hold the father in contempt for failing to pay the support order in the prior proceedings, which arrearage was $4,967.00 through May, 2000.
When the entire paternity, custody and support case came to trial and after hearing conflicting evidence on the issues, the court found that it was in the best interests of the child for the parents to share custody, with the father being the primary residential parent. The court determined that the criteria listed in section 61.13, Florida Statutes (1999), favored the father as primary residential custodian. The court granted visitation to the mother, imputed income to the mother in the amount of $17,500 per year, and determined she should pay $325.82 per month in child support. While the father asked for the amount to be made retroactive to the filing of the action, so as to offset the amount he owed in child support arrearage, the court determined the awards would be "a wash." The court also ordered each party to bear their own attorney's fees and costs.
The evidence regarding the appropriate parent to have residential custody of the child was conflicting. "Despite a conflict in the evidence, an appellate court will not disturb the trial court's custody decision unless there is no substantial competent evidence to support that decision." Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998) (citation omitted). The trial court is afforded wide discretion, and "`that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" Ford v. Ford, 700 So.2d 191, 195 (Fla. 4th DCA 1997) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). Although there was evidence to support either parent on the issue of primary residential custodian, we find no abuse of discretion in the trial court's ruling.
*945 We also find no reversible error in the trial court's vacation of the mother's child support arrearage. The arrearage due to the mother totaled $4,900. The father was awarded $325 per month in child support and requested retroactive application to April, 2000 when he filed his petition for support. At the time of the final judgment, the amount due and owing from the mother would have been $5,525 (seventeen months at $325 per month). Rather than have each party have an arrearage due, the court "washed out" each arrearage. This decision actually worked to the detriment of the father, not the mother. While the mother's right to her arrearage was vested, the court simply used that award to offset against what would have been her greater obligation of support to the father. We affirm the trial court's ruling.
The court imputed $17,500 in income to the mother, which she claims the evidence did not support. "The standard of review for a trial court's imputation of income is whether there is competent, substantial evidence to support it." Wendel v. Wendel, 805 So.2d 913, 914 (Fla. 2d DCA 2001) (citation omitted). The mother has a masters in business administration and an appraiser's license, but she chooses to groom dogs part-time. Her financial affidavit, previously filed in the proceedings, showed her net income was $3,600 per month. She did not testify to that level of income at trial. She also had been depending upon an inheritance but testified she was looking for employment as an appraiser. The trial court imputed income to the mother in the amount of $1,240 per month, but did not set forth the basis for its holding. In Viscito v. Menditto, 644 So.2d 135, 136 (Fla. 4th DCA 1994), although there was ample evidence in the record for the trial court to impute income, we still reversed and remanded for the trial court to make express findings regarding the amount and source of the income. Viscito compels that result here. We therefore reverse for the trial court to set forth its findings on this issue. The court may, in its discretion, take additional testimony on the issue.
Finally, the court miscalculated the health insurance expense in the child support award. Section 61.13(1)(b) provides, "the court shall apportion the cost of [health insurance] coverage, and any noncovered medical, dental, and prescription medication expenses of the child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6)." Section 61.30(6) lists the schedules to be applied to the combined net income of the parents to determine the child's minimum need of support. Section 61.30(8) further provides that, "[h]ealth insurance costs resulting from coverage ordered pursuant to s. 61.13(1)(b) ... shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis." After adding health insurance costs, the percentage share of support to be paid by each parent is "determined by dividing each parent's net income by the combined net income," § 61.30(9), and the actual dollar share to be paid by each parent is "determined by multiplying the minimum child support need by each parent's percentage share." § 61.30(10).
Here, the trial court ascertained that the mother's net monthly income was $1,240 per month and the father's net monthly income was $1,950 per month. The court then determined the child's minimum need of support, under 61.30(6), was $680 per month. The next step taken by the court was to multiply that amount by 39%, the mother's percentage share. After determining the mother owed $265.20 monthly for child support, the court added $60.62 *946 per month to cover the entire amount of the child's portion of the wife's health insurance premium. Rather than including the cost of health insurance for the child before determining the parent's respective support obligations, the trial court tacked on the full amount of the child's health insurance premium solely to the mother's share of the child support. This action by the trial court was not in conformity with the statutory requirements for assessing child support. We therefore reverse for recalculation.
On all other issues, we affirm the trial court.
Affirmed in part; reversed in part and remanded for further proceedings.
GUNTHER, J., and HENRY H. HARNAGE, Associate Judge, concur.