857 So.2d 306 (2003)
Geraldine Leann GERTHE, Appellant,
v.
Chris Allen GERTHE, Appellee.
No. 2D01-5737.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*307 Geraldine Leann Gerthe, pro se.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
SALCINES, Judge.
Geraldine Leann Gerthe, the former wife, appeals the "Order Modifying Final Judgment of Dissolution of Marriage (Child Support and Specified Visitation)." We agree that the trial court erred when it imputed income to the former wife and reverse that portion of the trial court's ruling. In all other respects we affirm the trial court's order.
The parties were divorced in 1991. An order was entered in May 2001 which changed the primary residence of the parties' two minor sons from the former wife to the former husband, Chris Allen Gerthe. In August 2001, the former husband filed a motion in which he requested that the trial court establish a new visitation schedule for the boys and award child support from the former wife.
At the hearing on the former husband's motion, the trial court properly restricted the testimony presented to only those matters which were then pending before the court. After hearing testimony regarding the extreme difficulties encountered by the parties due to the liberal visitation schedule instituted upon the dissolution of the marriage, the trial court established a rigid schedule.
A trial court has great discretion in creating a visitation schedule. Keitel v. Keitel, 724 So.2d 1255, 1257 (Fla. 4th DCA 1999). We hold that the trial court, in the present case, did not abuse its discretion in setting the visitation schedule and in eliminating the flexibility which created problems for the parties.
With regard to the former wife's ability to pay child support and the imputation of income, the evidence presented at the hearing demonstrated that she was unemployed at the time of the hearing. She had a high school education but had not been employed since 1994. In February 2000, the former wife was injured when she was struck by a large branch from a tree that was being cut down. She testified that she had difficulty walking, sitting, and standing, and that she had migraine headaches as well. Two letters from doctors were admitted into evidence to support the former wife's statements concerning her physical condition. The former wife had been prescribed narcotic analgesics which she took regularly to relieve pain. The former wife indicated that she had applied for social security disability insurance (SSDI), but those benefits had been denied. However, she testified that she was continuing to pursue SSDI benefits and was attempting to obtain job training.
The trial court order states that the former wife "may have some physical limitation on her ability to work, however, the *308 Court finds that she is able to be employed on at least a part-time basis." Based upon that finding, it imputed income of fifty percent of minimum wage.
The issue of the imputation of income to a parent is governed by section 61.30(2)(b), Florida Statutes (2001), which states:
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
The standard of review for a trial court's imputation of income for purposes of determining a parent's child support obligation is whether there is competent, substantial evidence to support it. Wendel v. Wendel, 805 So.2d 913, 913 (Fla. 2d DCA 2001); Artuso v. Dick, 843 So.2d 942, 945 (Fla. 4th DCA 2003).
After reviewing the record in the present case, we are unable to find an evidentiary basis to support the trial court's determination. Accordingly, we reverse that portion of the trial court order which directed the former wife to pay the sum of $146.30 per month to the former husband.
We note that the child support issue may be revisited should the former wife's physical condition improve or should she obtain employment at some time in the future.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and VILLANTI, JJ., concur.