874 So.2d 1230 (2004)
Maria Cruz HARBUS, Appellant,
v.
Randy Barry HARBUS, Appellee.
No. 4D03-241.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
Rehearing Denied July 2, 2004.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Steven L. Winig of Brody, Cohen & Winig, P.A., West Palm Beach, for appellant.
Michael Dubiner of Dubiner & Wilensky, L.L.C, West Palm Beach, for appellee.
MAY, J.
The former wife appeals a final order of dissolution. She raises four issues. We reverse solely on the issue of the trial court's imputation of income to the former wife. We affirm in all other respects.
A court's imputation of income must be supported by competent substantial evidence. Artuso v. Dick, 843 So.2d 942 (Fla. 4th DCA 2003). Pursuant to section 61.30(2)(b), Florida Statutes (2003), *1231 [i]ncome on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community...
The court is required to set forth the amount and source of the imputed income. Viscito v. Menditto, 644 So.2d 135 (Fla. 4th DCA 1994). If the court fails to do so, the case must be reversed and remanded for specific findings of fact. Artuso, 843 So.2d at 945.
In this case, the wife testified at the temporary relief hearing that she was currently earning a couple of hundred dollars a month selling cosmetics. Previously, she had earned approximately $33,000 annually working for Minolta in Boca Raton and before that $60,000 to $70,000 annually working for Minolta in New Jersey. She had been offered two positions in Boston making approximately $60,000$70,000, but had no job offers locally.
The trial court stated on the record, "I mean she can get a job. All her testimony is the job offers that she has here if she wants to go up there she can. The job she left paid 79, right?" The court then imputed income of $4,000 a month or $48,000 a year to the former wife. Subsequently, the court awarded child support arrearages based upon the income imputation in the temporary relief order.
While the court clearly articulated the amount of income to be imputed, it was an amount unsupported by competent substantial evidence. Based on the testimony, the only local job the former wife ever had paid $33,000 per year. There is no evidence of her occupational qualifications or earnings level in the prevailing job market in the community. The court therefore erred when it imputed income in excess of the amount supported by the record.
We therefore reverse the final judgment and remand the case to the trial court to recalculate the child support arrearage, if any, based upon an imputation of income supported by the record evidence. The judgment is affirmed in all other respects.
REVERSED and REMANDED.
STONE and POLEN, JJ., concur.