934 So.2d 576 (2006)
Tony B. JOBE, Appellant,
v.
Beverly J. JOBE n/k/a Beverly J. Sassano, Appellee.
No. 1D05-3306.
District Court of Appeal of Florida, First District.
July 13, 2006.
*577 Tony B. Jobe, pro se, Appellant.
No appearance for Appellee.
PER CURIAM.
Tony Jobe, the former husband, appeals the trial court's order entered on petitions for modification of a final judgment of dissolution of marriage filed by him and his former wife, Beverly Jobe, n/k/a Beverly Sassano. Mr. Jobe contends that the trial court erred by extinguishing Mrs. Sassano's obligation to pay retroactive child support, unilaterally modifying the marital settlement agreement, and imputing income to both parties without evidentiary support. Because we agree that the final judgment is deficient in several pertinent aspects, as will be discussed below, we reverse the order, in part, and remand.
The parties' marriage was dissolved by a 1993 final judgment that incorporated a Marital Settlement Agreement, whereby the parties agreed, inter alia, that Mrs. Sassano would be the primary residential parent of their two minor sons, Mr. Jobe would pay $800.00 per month in child support, and both parties would equally share responsibility for the children's medical expenses.
In June of 1997, due to a substantial change in circumstances, the parties agreed to modify the final judgment. Mrs. Sassano claimed that a recent assault prevented her from adequately caring for the children. She worked as a hairdresser, and owned a hair salon, earning a gross income of $17,998. Pursuant to the parties' stipulations, the trial court entered an order modifying the final judgment to designate Mr. Jobe as the primary residential parent. The parties also agreed that Mrs. Sassano would not be responsible for child support because of her financial situation. The order further stated that the needs of the minor children were being met as Mr. Jobe had been providing for the needs of the children during the preceding three years. All remaining provisions of the original agreements and final judgment would remain in full force and effect, as specifically provided in the order.
Five years later, Mrs. Sassano filed a supplemental petition for modification of the final judgment seeking primary custody of the children, with Mr. Jobe responsible for child support and the costs of medical and dental insurance coverage for the children. Prior to the filing of the petition, *578 Mrs. Sassano received at least a $40,000 settlement from her civil action for the 1996 assault. She later obtained a real estate license, and in 2004, grossed approximately $38,505 from her hairdressing business and real estate sales. However, shortly before the final hearing, Mrs. Sassano discontinued her hairdressing business, leaving real estate as her only source of income.
Mr. Jobe counter-petitioned for a determination of the former wife's child support obligation on the ground that her financial condition had improved substantially, as well as an award of retroactive child support. At the time of the petition, Mr. Jobe operated a law practice in Louisiana accepting cases on a contingency basis and earning an average annual salary of $56,000, based on tax returns dating back to 1997. Subsequent to Mrs. Sassano's settlement, Mr. Jobe initiated a separate civil suit on behalf of their eldest son who witnessed the assault against his mother, and the child received a $17,000 settlement that was used for his education.
Following an evidentiary hearing, the trial court entered final judgment denying Mrs. Sassano's request for modification of custody. The court imputed an annual income of $12,792 to Mrs. Sassano and of $65,000 to Mr. Jobe, and ordered Mrs. Sassano to pay $250 per month in child support. In addition, the court determined that Mrs. Sassano was responsible for child support arrearage from the date of the former husband's counter-petition.
Although the trial court granted Mr. Jobe's request for retroactive child support, the court concluded that any amount owed was "extinguished through a credit of funds received from a court settlement and paid to a trust for the benefit of the children." The court further concluded that the 1997 agreement stating that the needs of the children were being met by Mr. Jobe essentially eliminated the provision of the divorce judgment that all uncovered medical expenses would be equally shared, resulting in no arrearage. This order is deficient for several reasons.
First, the decision to set aside the former wife's obligation to pay child support arrearage based upon the receipt of unrelated funds is erroneous as there is no basis for this conclusion. The record does not show that Mrs. Sassano allocated any of her own settlement proceeds for the children's benefit, from which the trial court could have derived grounds for an equitable credit. Moreover, even if the settlement could extinguish Mrs. Sassano's obligation to the one child, on whose behalf the suit was initiated, it did not relieve her of the duty to pay child support owed to the youngest son. Although we find no error in the trial court's decision to make an award of retroactive child support, we hold that the decision to credit Mrs. Sassano for the full amount owed was error.
Second, the trial court abused its discretion in interpreting the 1997 modification order to eliminate the parties' responsibility to equally share the children's uncovered medical expenses. Only two provisions of the marital settlement agreement were modified by the 1997 order, to wit, those pertaining to custody of the minor children and child support obligations. As explicitly stated in the order, "All remaining provisions of the Final Judgment, Marital Settlement Agreement and Shared Parenting Agreement not specifically amended by th[e] Stipulation shall remain in full force and effect and each of the parties agree to abide by the terms set forth in each document." In light of this explicit language, the trial court's interpretation does not appear to further the original intent of the parties, which was that both would equally share responsibility for the children's medical expenses not covered *579 by insurance. Therefore, reversal of this portion of the order is warranted.
Finally, the trial court's imputation of income to the parties is not supported by the appropriate findings. "The standard of review for a trial court's imputation of income is whether competent, substantial evidence supports it." Wendel v. Wendel, 805 So.2d 913, 914 (Fla. 2d DCA 2001); Gerthe v. Gerthe, 857 So.2d 306, 308 (Fla. 2d DCA 2003). According to the plain language of section 61.30(2)(b), the only finding required for imputation of income would be a finding that the parent is voluntarily unemployed or underemployed. § 61.30(2)(b), Fla. Stat. (2002); Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999). Reversal is required, however, when there are no specific findings in the final judgment regarding imputation of income and there is no competent, substantial evidence in the record to support the trial court's decision. See Warner v. Warner, 692 So.2d 266, 269 (Fla. 5th DCA 1997) (requiring reversal where there is an absence of both specific findings and record evidence to support the imputation of income).
Here, the trial court imputed income to the former husband at the higher end of his average annual salary, but at the lower end of the former wife's average annual salary. Yet, there is nothing in the written order explaining how the court reached these conclusions. Given the need for the trial court to reconsider the factors and make findings pertinent to the analysis outlined in section 61.30(2)(b), we reverse the final judgment on this issue as well. Upon remand, the trial court should also consider any in-kind payments made to either party to the extent that they reduce their living expenses. See § 61.30(2)(a)(13), Fla. Stat. (2002); Garcia v. Garcia, 560 So.2d 403, 404 (Fla. 3d DCA 1990) ("Specific dollar values for the in kind contributions and reimbursed expenses must be determined, and the other statutory computations must be performed, in order to arrive at the parties' net income levels, a proper support amount, and the respective shares of support.").
For the foregoing reasons, we reverse and remand the final judgment to the extent it dissolves the former wife's obligation to pay retroactive child support, modifies the former agreement by the parties to share equally the children's uncovered medical expenses, and imputes income to the parties without proper evidentiary support. In all other respects, the order is affirmed.
AFFIRM in part, REVERSE in part, and REMAND with instructions.
WOLF, PADOVANO, and POLSTON, JJ., concur.