PER CURIAM.
Appellant, Grady L. Blackmon (former husband), appeals the trial court’s Final Judgment of Dissolution of Marriage (Final Judgment) on several grounds. We reverse the portions of the Final Judgment regarding alimony, the determination of former husband’s annual income, and partition of the marital home, and remand for further proceedings consistent with this opinion. In all other respects, we affirm the Final Judgment.
The parties were married on May 17, 1989. The parties have one minor child. Appellee, Carolyn J. Blackmon (former wife), filed a petition for dissolution of marriage on August 23, 2004. Dissolution of marriage proceedings were held on November 13, 2006. Former wife petitioned the court to find former husband had $2000.00 per month in additional income from side masonry work. Evidence was presented that former husband earned $2174.00 for masonry work on October 24, 1998. The trial court entered a Final Judgment of Dissolution of Marriage on December 20, 2006. The court stated the following in its order:
The Husband has supplemental income presented during litigation. While varying amounts were presented for differ *428 ent years, it is clear to the Court that based upon the Husband’s past earning record, present physical condition, and availability to work, whether limited or unpredictable, the Husband can earn in excess of $2000.00 per year doing side masonry work. A fair average per year is more realistically $6000.00....
The court ordered former husband to pay $1000.00 per month in alimony until the parties’ minor child reached majority, and at that time, the payments were to increase to $1200.00 per month. The court based its determination of alimony on former wife’s inability to work and former husband’s ability to pay. The trial court granted former wife exclusive use and possession of the marital home until the parties’ minor child reached majority. Within sixty days of the child’s emancipation, former wife was to refinance the marital home and remove former husband’s name from the mortgage, or sell the marital home and pay former husband his equity. If former wife needed additional time to refinance or sell the home, the court would extend the deadline without a hearing for an additional ninety days. If, after the additional ninety days, former wife was still unable to refinance or sell the home, she would be required to obtain former husband’s consent and approval in writing, or seek permission from the court for an extension of time.
Former husband timely appealed the trial court’s Final Judgment. Former husband argues, inter alia, that the trial court erred in (1) ordering an automatic increase in alimony upon the termination of former husband’s child support obligations, (2) imputing $6000.00 to former husband’s annual income for side masonry work, and (3) failing to set a final deadline for partition of the marital home.
With regard to the lower court’s determination of alimony, “[jjudgments providing for automatic changes in alimony and support payments upon the occurrence of future events have not usually found favor in Florida.” Kangas v. Kangas, 420 So.2d 115, 116 (Fla. 2d DCA 1982) (citations omitted). “[TJhere is an adequate procedure for modification when changes in the circumstances of the parties occur.” Id. In Swanston v. Swanston, 746 So.2d 566, 568 (Fla. 1st DCA 1999), the court held that the lower court “reversibly erred by including in the final judgment a provision automatically adjusting the amount of alimony upon termination of his child support obligation without making specific factual findings of extenuating circumstances that would support the automatic increase in alimony after the child reaches majority.” See also, Davis v. Davis, 751 So.2d 1286, 1286 (Fla. 5th DCA 2000).
In this case, as in Swanston, the trial court provided for an automatic increase in alimony upon termination of child support payments without making a specific finding of circumstances justifying the increase. Therefore, we reverse the portion of the Final Judgment regarding the automatic increase of former husband’s alimony obligations upon the termination of his child support obligations, and remand for the trial court to provide factual findings justifying an automatic increase in alimony, or to remove the language ordering an automatic increase upon the emancipation of the parties’ minor child.
Former husband also correctly asserts that the trial court provided an insufficient factual basis to justify imputation of $6000.00 annually to former husband’s income based on side masonry work. Section 61.30(2)(b), Florida Statutes, provides that income shall be imputed to an underemployed parent when such underemployment is found to be voluntary. If the court finds voluntary underemployment, “the employment potential and probable *429 earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community.” § 61.30(2)(b), Fla. Stat. “In determining actual income for purposes of awarding alimony, the trial court must set forth factual findings regarding a spouse’s probable and potential level of earnings, the source of actual and imputed income, and any adjustment to income.” Smith v. Smith, 737 So.2d 641, 643 (Fla. 1st DCA 1999). For example, in Jobe v. Jobe, 934 So.2d 576, 579 (Fla. 1st DCA 2006), this Court remanded because there was nothing in the trial court’s order explaining why it calculated the former husband’s income at the high end of his average yearly salary.
Courts properly impute income from a second job or secondary source where record evidence clearly reveals that such secondary income has been earned on a recurrent or steady basis. Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 180 (Fla. 3d DCA 1995). In Mitzenmacher, the court found that the former husband was not voluntarily underemployed so as to permit imputation of additional income where there was no evidence that his supplemental employment “was anything other than occasional or sporadic.” Id. Likewise, in Misdraji v. Misdraji, 702 So.2d 1292, 1294 (Fla. 3d DCA 1997), the court found that the lower court had abused its discretion in finding that the former husband could earn a living, as there was no competent substantial evidence that the former husband could earn income at seventy-two years of age sufficient to justify the disproportionate award of the marital home to former wife.
Here, the trial court did not make specific findings of fact as to why it imputed $6000.00 per year to former husband’s income. The court merely cited conclusor-ily former husband’s earning record, physical condition, and availability of work as its basis for imputing the additional income, as opposed to referencing evidence of steady additional income. Therefore, we reverse the portion of the trial court’s order determining the value of former husband’s income, and remand for the court to make specific factual findings justifying the imputation of income to former husband.
The trial court also erred when it failed to include a deadline by which former wife was required to effectuate a private sale of the marital home or purchase former husband’s equity. When a court orders property to be partitioned in a dissolution of marriage proceeding, “the judgment must fix some reasonable deadline for such arrangements to be completed.” Carlsen v. Carlsen, 346 So.2d 132, 133 (Fla. 2d DCA 1977); see also, Sullivan v. Sullivan, 363 So.2d 393, 395 (Fla. 2d DCA 1978) (holding that “if the court allows the parties to conclude a nonjudicial sale the judgment must fix a reasonable deadline by which the sale must take place”). A trial court “has jurisdiction to order a public sale if a private sale cannot be accomplished within a reasonable time.” Leatherwood v. Sandstrom, 583 So.2d 390, 392-93 (Fla. 4th DCA 1991) (reversing and remanding for the court to hear evidence as to how long would be a reasonable time to effectuate a sale at the stipulated price). The Leatherwood court also held that the trial court should reserve jurisdiction to effectuate a public sale should the parties’ attempts at a private sale fail. Id. at 393.
Here, the trial court did not set a specific deadline for the completion of a private sale or buyout of former husband’s equity in the marital home in its Final Judgment. The court ordered former wife to effectuate a private sale or buy out former husband’s equity through refinancing within *430 sixty days after the emancipation of the parties’ minor child. In addition, the court provided that if former wife was unable to sell or refinance during that time period she would be granted a ninety-day extension without a hearing, and could possibly receive an additional extension of time with former husband’s written approval or a court order. The court never set forth an absolute deadline at which, had former wife failed to sell the home privately or refinance, the court would order a public sale. Therefore, we reverse the portion of the trial court’s Final Judgment which failed to set an absolute deadline for partition of the marital home, and remand for the trial court to provide a deadline by which private sale or refinancing must be completed, and to provide that if the deadline is not met, the home is to be sold through a public sale.
Accordingly, we reverse the portions of the trial court’s Final Judgment of Dissolution of Marriage regarding alimony, the determination of former husband’s annual income, and partition of the marital home, and remand for further proceedings consistent with this opinion. In all other respects, the trial court’s Final Judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD, DAVIS, and LEWIS, JJ., concur.