ON MOTION FOR REHEARING
PER CURIAM.
We grant Appellee’s motion for rehearing, withdraw our previous opinion, and substitute the following opinion in its place.
*1110 The Former Husband, Roger Harris, appeals a final judgment of dissolution of marriage. We find that the trial court abused its discretion in calculating the Former Wife, Mary Scott Harris’s income and granting her attorney’s fees. As to Former Husband’s other arguments on appeal, including those regarding retroactive support, we affirm.
The parties were married on July 20, 2000. During the marriage, Former Wife worked for the Air Force and Army Reserves. In addition to her reserve duty, she worked several full-time, or nearly full-time, jobs. Former Husband was a member of the U.S. Army until he retired in October 2009. He receives $2,040 per month from his retirement pension and $1,500 per month in disability benefits from the Veterans Administration.
In the final judgment, the trial court imputed income equal to the minimum wage for a forty-hour workweek to Former Wife but did not consider Former Wife’s reserve pay. When calculating Former Husband’s income, however, the trial court included his pension and disability benefits, in addition to a full-time imputed minimum wage.
We believe the court’s use of different standards for calculating each spouse’s income was an abuse of discretion. Cf. Blackmon v. Blackmon, 969 So.2d 426, 429 (Fla. 1st DCA 2007) (“Courts properly impute income from a second job or secondary source where record evidence clearly reveals that such secondary income has been earned on a recurrent or steady basis.”). Ample evidence demonstrated that Former Wife is able to earn a recurrent and steady salary from the Reserves, in addition to working full-time. Thus, the court erred when it considered Former Husband’s secondary sources of income while ignoring Former Wife’s.[1]
We also note that, upon remand, the trial court should reconsider its finding that Former Wife earns only $400 to $600 per month from the Reserves. Although the trial court’s finding was supported by Former Wife’s testimony, her tax returns and W-2s from past years indicate that she usually earned more than $1,000 per month from the Reserves. We recognize that this evidence is merely indicative of past pay and not dispositive as to current pay; still, these tax documents strongly suggest that Former Wife can earn more than $600 per month from the Reserves. Accordingly* the trial court should either consider the tax documents in calculating Former Wife’s income, or explain why it disregarded such competent evidence.[2] In so doing, the trial court is permitted to receive new or additional evidence if necessary. See, e.g., Fullerton v. Fullerton, 709 So.2d 162, 165 (Fla. 5th DCA 1998); Smith *1111 v. Smith, 612 So.2d 713, 714 (Fla. 2d DCA 1993).
Lastly, the trial court erred in awarding Former Wife attorney’s fees, as no evidence supports the reasonableness of the fee award. At the beginning of trial, Former Wife’s counsel explicitly stated that he was reserving his claim for attorney’s fees for a separate hearing. Additionally, the trial court stated in the final judgment that “proper documentation [was] provided to establish reasonable fees and a reasonable hourly rate,” and that the court “conducted an evidentiary hearing.” But it appears that no such hearing occurred. Therefore, we reverse the award of attorney’s fees and remand for the trial court to conduct an evidentiary hearing. See, e.g., Simpson v. Simpson, 440 So.2d 648, 649 (Fla. 2d DCA 1983) (remanding because there was “no evidence in the record concerning the reasonableness of [the attorney fee] award”); see also McIlveen v. McIlveen, 644 So.2d 612, 612 (Fla. 2d DCA 1994) (‘We agree with the husband that the trial court should not have determined entitlement to fees in the final judgment when the order on pretrial conference expressly provided that all issues regarding attorney’s fees would be determined at a hearing subsequent to the final judgment.”);
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER, COHEN and EDWARDS, JJ., concur.

. To clarify, we find an abuse of discretion only in the trial court's failure to consider Former Wife’s secondary income, not in its decision to impute the minimum wage for a full-time workweek. In addition to Former Husband's argument regarding the court’s failure to include Former Wife's reserve pay in her income, he also argues that the trial court should have imputed more than the minimum wage. He supports this argument by pointing to the fact that Former Wife earned more than ten dollars per hour during the marriage. Nevertheless, Former Wife testified that, at the time of trial, she was unable to secure full-time employment. She provided an exhaustive list of companies to which she applied. The trial court apparently believed Former Wife's testimony and acted well within its discretion in imputing only the minimum wage.

. Former Wife testified that her 2010 income from the Reserves was inflated because she received an advance. Nothing in the record, however, explains the discrepancy between Former Wife's testimony and her 2012 W-2, which indicates that she earned more than $12,000 from the Reserves that year.