PARKER, Judge.
John J. Lawrence appeals the trial court’s order denying his motion for relief from a contempt judgment entered for failure to pay child support. The contempt judgment followed a motion filed by the State of Florida Department of Revenue (DOR) on behalf of Melissa Walker.[1] Because Lawrence presented evidence to rebut the DOR’s assertion that he had the ability to pay bi-weekly child support of $220, we reverse.
On April 2, 1998, the trial court found that Lawrence was $7,576.29 in arrears on child support and held him in contempt of court. The court ordered Lawrence to pay a purge amount of $500 or serve an indefinite term in jail. Lawrence paid the purge amount and the trial court subsequently denied a motion for relief from the contempt judgment. On appeal, Lawrence argues that the trial court erred in finding him in contempt because he did not have the ability to, pay either the support or purge amount.
At the contempt hearing, the DOR presented evidence that Lawrence owned property which included a pole barn worth $3000, a hobby shop worth $1500, a fax machine, and tools valued at $10,000. Lawrence testified that the pole barn and hobby shop were encumbered, that the fax machine was an “old dinosaur,” and that he had already sold the tools to pay for legal proceedings. Lawrence also testified that he was currently earning fifty to seventy-five dollars bi-weekly as a sign painter. After finding Lawrence in contempt, the trial court found him insolvent for purposes of appeal.
In civil contempt proceedings in family support matters, the movant must establish that the respondent has been ordered to pay support and that the respondent has failed to make those payments. See Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985). The burden then shifts to the respondent to prove that he does not have the ability to pay the support. Id. If the court finds that the respondent has willfully violated the court order on support, it may order incarceration contingent upon a purge payment if it makes a finding that the respondent has the ability to pay the purge amount. Id. at 1279.
In this case, Lawrence’s ability to pay the purge amount is not at issue because he paid the $500 after the court found him in contempt. However, Lawrence did present evidence to rebut the DOR’s assertion that he had the ability to pay the established bi-weekly child support. Accordingly, the trial court erred in finding Lawrence in contempt.
We note that Lawrence is self-employed and it appears that he is choosing to work in a manner that prohibits him from having the resources to pay the child support ordered. However, the trial court’s recourse in that situation is not to hold Lawrence in contempt of court, but to order him to seek work. Id. We note that the trial court issued such an order on July 27, 1998, following another motion for contempt filed by the DOR. In the event of Lawrence’s willful failure to abide by that order, a finding of contempt would be proper.
Because we conclude that the trial court erred in finding Lawrence in contempt, we reverse the judgment of contempt and remand this case to the trial court.
CAMPBELL, A.C.J., and SALCINES, J., Concur.

. This is one of fourteen pro se appeals Lawrence has filed before this court. All appeals stem from a July 1996 order establishing paternity, which granted Lawrence visitation with his minor daughter and ordered him to pay child support of $200 eveiy two weeks, plus twenty dollars toward an arrearage. Since the entry of that order, Lawrence has filed numerous motions to enforce visitation and the DOR has filed numerous motions for contempt due to nonpayment of support.