PER CURIAM.
We reverse the order on appeal finding the former husband in contempt for failing to pay child support and ordering the husband to pay costs and attorney’s fees. The trial court’s order suffers from a number of procedural irregularities. Most importantly, the court ordered payment of a “purge” amount of $5,000 within 90 days and required the former husband to be incarcerated at the end of the 90-day period without giving the former husband an opportunity, prior to incarceration, to show that he had been unable to pay the purge amount. Significantly, the trial court did not expressly find that the former husband had the present ability to pay the purge amount; rather, based on the trial court’s assessment of what the former husband could probably earn if he were industrious during the purge period, the trial court found that the former husband would have the ability to pay the purge amount at some point within that 90-day period. Our review of the record shows no support for a finding that the husband had the present ability to pay the purge amount.
The order of contempt on appeal must be reversed. See Gregory v. Rice, 727 So.2d 251 (Fla.1999); Picurro v. Picurro, 734 So.2d 527 (Fla. 4th DCA 1999); Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997); Fla. Fam. L.R.P. 12.615(d). Furthermore, during the pen-dency of this appeal, the underlying order setting the former husband’s support obligation has been reversed on appeal and remanded for the trial court to again make a determination of the former husband’s monthly support obligation with specific findings of record evidence to support that determination. See Bellville v. Bellville, 24 Fla. L. Weekly D2339, — So.2d -, 1999 WL 817884 (Fla. 4th DCA Oct.13, 1999). The contempt order entered against the husband for failing to pay those obligations which since have been vacated on appeal, although they may be reinstated in the future, simply cannot stand.
The contempt order, including the award of costs and attorney’s fees, is REVERSED.
WARNER, C.J., STEVENSON and TAYLOR, JJ., concur.