CANADY, Judge.
Ronald G. Wendel appeals an order finding him in contempt of a support order which was vacated in an earlier appeal. Because we conclude that the issuance of the contempt order was an abuse of discretion, we reverse the order.
*821 I. BACKGROUND
On December 10, 2002, the circuit court entered an order finding Mr. Wendel in civil contempt for arrears on a prior support order of April 23, 2002. The contempt order provided that Mr. Wendel be incarcerated for thirty days and established a purge amount. On June 27, 2003, this court vacated the circuit court order of April 23, 2002, on the ground that the circuit court order was based on inadequate proof of Mr. Wendel’s ability to pay the support amount set by the order.
Mr. Wendel, who is licensed as an attorney in Florida and two other states and has worked in an investment firm, has been a real estate salesperson for more than three years. In an earlier appeal to this court, Wendel v. Wendel, 805 So.2d 913 (Fla. 2d DCA 2001), this court rejected the circuit court’s attribution of annual income of $79,159 to Mr. Wendel, which had been based on testimony by an economist that Florida attorneys with eight or more years of experience earn that amount. Mr. Wendel, who was fifty-three years of age at the time, had not worked as an attorney since 1994 and had never earned more than $65,000 as an attorney. In addition, the economist’s opinion testimony did not establish the prevailing earning level for attorneys in the local community. Accordingly, we held that the order imputing income was not supported by substantial evidence.
On remand, in the order of April 23, 2002, the circuit court attributed an annual income of $65,000 to Mr. Wendel, based on the same economist’s testimony that Mr. Wendel should be able to earn $120,000 a year, based on his experience and training as an attorney. This court reversed the order of April 23, 2002. Wendel v. Wendel, 852 So.2d 277 (Fla. 2d DCA 2003). Although the expert testified that there were numerous job openings in the Tampa area for attorneys, no evidence was presented that any of these jobs paid $120,000 a year or, for that matter, $65,000, and there was no showing of any kind that Mr. Wendel was qualified for any such positions. Mr. Wendel had testified before the circuit court that he was unable to find employment as an attorney and that he was working as a real estate salesperson, earning approximately $20,000 a year. Wendel, 852 So.2d at 284. This court specifically directed that on remand the circuit court calculate child support based on Mr. Wendel’s current income and employment. Id. at 285.
The hearing on the contempt motion on December 10, 2002, concerning Mr. Wen-del’s noncompliance with the circuit court order of April 23, 2002, was held prior to this court’s ruling — issued on June 27, 2003 — vacating that order. Mr. Wendel’s alleged arrearage was $1787 on the support order of $613 a month plus $100 a month on the prior arrearage. At the contempt hearing, no evidence whatsoever was offered as to Mr. Wendel’s ability to pay the amount set in the order of April 23, 2002, other than citation to excerpts of his deposition testimony on February 18, 2000, as to his income at that time. Mr. Wendel, appearing pro se, testified at the December 10, 2002, hearing that he was still a full-time real estate salesperson, his annual income for the last year was $24,532.80, he had last received $6000 for a closing in August 2002, had no other- closings, and anticipated one possible additional closing. Mr. Wendel had $150 in the bank and had borrowed $2000 against future commissions to pay his rent. His church paid his October rent. The high child support payments were a major factor causing his financial difficulties.
The circuit court found that Mr. Wendel was $1426 in arrears on monthly child support payments and also owed $1779.84 *822 for his share of medical expenses pursuant to the parties’ marital settlement agreement. The circuit court set the total arrears at $3205.84. The circuit court found that Mr. Wendel had the present ability to pay the arrears, based on his income of $24,582, his ability in the past to borrow money on future commissions, his testimony that he had $150 in cash, his receipt of a $6000 commission in August 2002, his substitute teaching opportunities at a religious school (to which Mr. Wendel alluded in his testimony, without any indication.of frequency or payment rate), his education (B.S., J.D., and L.L.M. degrees), and his real estate sales license. The circuit court entered the contempt order providing for the incarceration of Mr. Wendel, although Cindy H. Wendel, the appellee, did not request an order of imprisonment. Counsel for Ms. Wendel stated that the incarceration of Mr. Wendel was not warranted under Lawrence v. Department of Revenue, 755 So.2d 139 (Fla. 2d DCA 1999). Shortly after being incarcerated, Mr. Wen-del paid the purge amount and was released.
II. ANALYSIS
The underlying circuit court support order of April 23, 2002, directing payment of $713 a month, has been reversed by this court for lack of any showing that Mr. Wendel had the ability to pay that amount. This court has already determined that there was no evidence to support the findings as to Mr. Wendel’s earning ability on which the support amount was based. Mr. Wendel should not be held in contempt for not making the payments required by an- order that was not based on any credible evidence of his ability to pay. “The contempt order entered against the husband for failing to pay those obligations which since have been vacated on appeal ... simply cannot stand.” Bellville v. Bellville, 758 So.2d 1255, 1256 (Fla. 4th DCA 2000). The presumption of the ability to pay normally arising from an outstanding order directing support payments, Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985), is completely undermined by the ruling of this court that there was no substantial, competent evidence to support the attribution of income on which the support order was based.
In addition, at the contempt hearing, Ms. Wendel offered no evidence of Mr. Wendel’s present ability to make the payment required by the support order, citing only to Mr. Wendel’s deposition testimony about two years before in which he indicated he had an annual income of about $20,000, not the $65,000 imputed annual income on which the circuit court order of April 23, 2002, was based. Mr. Wendel’s testimony at the contempt hearing indicated that he had an annual income of about $24,000. His unrefuted testimony at the contempt hearing established that he lacked the ability to pay the support order. The circuit court’s finding of Mr. Wendel’s ability to pay is founded on nothing more than baseless income imputation, already twice disapproved on appeal. There thus was no evidence that Mr. Wendel had the means to pay the purge amount established in the contempt order. The contempt order based on failure to fully pay the ordered support must therefore be reversed. See Bowen, 471 So.2d at 1277; Latorence, 755 So.2d at 140; Phillips v. Phillips, 588 So.2d 9, 10 (Fla. 2d DCA 1991); Cleveland v. Cleveland, 841 So.2d 648, 649 (Fla. 4th DCA 2003); Ugarte v. Ugarte, 608 So.2d 838, 841 (Fla. 3d DCA 1992).
Ms. Wendel argues that a contempt finding was warranted because an erroneous court order should be obeyed until it is reversed. See Kaylor v. Kaylor, 466 So.2d *823 1253, 1254 (Fla. 2d DCA 1985); Robbie v. Robbie, 726 So.2d 817, 819 (Fla. 4th DCA 1999). This argument ignores the fact that in this case the support order with which Mr. Wendel did not fully comply was reversed because it was not based on evidence that Mr. Wendel had the ability to comply with the support order. This was also the precise issue in the contempt proceeding. The factual basis for the contempt order was the same as the factual basis for the support order. Just as we previously concluded that the factual basis for the support order was insufficient as a matter of law, so we also now conclude that the factual basis for the contempt order was insufficient as a matter of law.
Ms. Wendel also erroneously argues that Mr. Wendel’s purging of the contempt by payment warrants affirmance of the contempt order. But the payment of the purge amount does not establish that Mr. Wendel had the ability to pay under the applicable legal standard. The one-time payment does not establish the ability to pay the order on an ongoing basis. Sokol v. Sokol, 441 So.2d 682, 685 (Fla. 2d DCA 1983); cf. Lawrence, 755 So.2d at 140 (“In this case Lawrence’s ability to pay the purge amount is not at issue because he paid the $500 after the court found him in contempt. However, Lawrence did present evidence to rebut the [ ] assertion that he had the ability to pay the established bi-weekly child support. Accordingly, the trial court erred in finding Lawrence in contempt.”).
The source of Mr. Wendel’s purge payment is unknown. Mr. Wendel’s payment of the purge amount to obtain release from jail does not show an ongoing ability to pay the order out of his own assets. Mr. Wen-del is not required to borrow beyond his means of repayment in order to pay a support order which is excessive because it is not based on his actual financial resources. See Breitenbach v. Breitenbach, 838 So.2d 1266, 1268 (Fla. 2d DCA 2003), citing Perez v. Perez, 599 So.2d 682, 683 (Fla. 3d DCA 1992) (stating that theory that husband had a present ability to pay an order by obtaining a loan from relatives was “outrageous”).
III. CONCLUSION
The order of December 10, 2002, finding, Mr. Wendel in contempt of the support order of April 23, 2002, therefore is reversed.
COVINGTON and KELLY, JJ., Concur.