885 So.2d 480 (2004)
Sylvester HERRERA, Jr., Appellant,
v.
Jennifer SANCHEZ, Appellee.
No. 5D04-376.
District Court of Appeal of Florida, Fifth District.
October 29, 2004.
Sylvester Herrera, Jr., Royal Palm Beach, pro se.
Maureen Monaghan Matheson, Reinman Matheson Vaughan & Durham, P.A., Melbourne, Lead Counsel for Appellee.
*481 Pamela Huddleston, Huddleston & Palumbo, P.A., Melbourne, Co-Counsel for Appellee.
PETERSON, J.
The former husband, Sylvester Herrera, Jr., appearing pro se, appeals an order finding him in civil contempt of court for failing to pay court-ordered child support to the former wife, Jennifer Sanchez. Because the record is unclear as to whether the former husband has the ability to pay the court-ordered child support, we reverse.
The judgment dissolving the parties' five-year marriage, which produced one child, required the former husband to pay $180 in child support every two weeks. The former husband paid child support as ordered for several years, but in 2001 he alleged that he began having problems with employment and began falling behind in child support payments. In October, 2002, he sought a downward modification of child support. The record does not indicate that a hearing was held on his petition. In July, 2003, the former wife filed her first motion for contempt for failure to pay child support. Once again, in September, 2003, the former husband filed another petition for the downward modification of child support and the trial court found him to be insolvent and waived the filing fee. The record does not indicate that a hearing was held on the second petition. A hearing, however, was held in December, 2003, on the former wife's amended motion for contempt for failure to pay court-ordered child support. Following this hearing, the trial court entered an order finding, inter alia, that because the former husband had previously earned approximately $32,000 per year, and because he is capable of making at least minimum wage, he has the ability to pay child support. Accordingly, the former husband was held in contempt of court and ordered to pay $500 immediately or face ten days incarceration. After finding the former husband in contempt, the trial court again found the former husband insolvent, this time for purposes of appeal.
In family civil contempt proceedings, the movant must establish that the respondent has been ordered to pay support and that the respondent has failed to make those payments. E.g., Lawrence v. State, Dept. of Revenue ex rel. Walker, 755 So.2d 139 (Fla. 2d DCA 1999), citing Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). The burden then shifts to the respondent to prove that he does not have the ability to pay the support. Bowen, 471 So.2d at 1278-79. If the court finds that the respondent has willfully violated the court ordered support, it may order incarceration contingent upon a purge payment if it makes a finding that the respondent has the ability to pay the purge amount. Id.
The former husband's ability to pay the purge amount is not at issue because he paid the $500 after the court found him in contempt. What remains at issue, however, is the former husband's ability to pay the court-ordered child support. See, e.g., Wendel v. Wendel, 875 So.2d 820 (Fla. 2d DCA 2004) (holding that a one-time payment of a purge amount to satisfy a civil contempt order does not establish the ability to pay court-ordered child support on an ongoing basis so as to warrant affirmance of contempt order). Because the trial court's finding that the former husband has the ability to pay the court-ordered child support is inconsistent with its finding that the former husband was indigent for the purposes of the proceedings below as well as appeal purposes, and because it does not appear that a hearing was ever held on the former husband's petitions for downward modification of child support, we must conclude that the order of contempt was not warranted. *482 When the trial court found that the former husband was capable of at least making a minimum wage, the appropriate action was to order him to seek proper employment through Florida State Employment Services and to report weekly until employment is secured. Bowen, 471 So.2d at 1279; Lawrence, 755 So.2d at 140 (holding that court's recourse in civil contempt proceeding in family support matter, where child's father was self-employed and appeared to choose work in a manner that prohibited him from having resources to pay ordered child support, was not to hold him in contempt of court, but to order him to seek work). We remand and direct the trial court to conduct a hearing on the former husband's petitions for downward modification of child support.
Finally, we reverse the trial court's award of attorney's fees to the former wife for the court's reconsideration of this matter. On remand, the trial court shall first determine the respective parties' need and ability to pay before awarding attorney's fee, if any.
REVERSED AND REMANDED.
SAWAYA, C.J., and MONACO, J., concur.