LaROSE, Judge.
Jay Pierce appeals an order holding him in civil contempt for failure to pay alimony to his former wife.
Mr. Pierce argues that the trial court erroneously denied his motion to continue so that the trial court could hear his supplemental petition to modify alimony together with the contempt motion. We find no error. Even if the trial court had considered the two motions simultaneously, it could not have reduced the alimony due prior to the filing of the supplemental petition. See Ray v. Ray, 707 So.2d 358, 360 (Fla. 2d DCA 1998).
Mr. Pierce also argues that the contempt order is unsupported by competent, substantial evidence. We affirm, without further discussion, the trial court’s determination that Mr. Pierce could pay the arrearage. However, we must reverse as to that portion of the order imposing incarceration upon Mr. Pierce; the trial court failed to make a separate affirmative finding that Mr. Pierce had the present ability to pay $25,000 to purge himself of the contempt. See Fla. Fam. L.R.P. 12.615(e);[1] Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985) (holding that the trial court may not incarcerate a civil con-temnor without an affirmative finding that he has the ability to pay the purge amount). Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.

. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor's present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding.
Fla. Fam. L.R.P. 12.615(e).