CASANUEVA, Judge.
Miguel Angel Arias, the Former Husband, appeals an amended order finding him in contempt of court for failing to pay alimony to Laura Ann Arias, the Former Wife, and sentencing him to ten days in jail. The trial court found that the Former Husband willfully failed to comply with the alimony provision in the final judgment, because he did not make a reasonable effort to find employment. The court ordered the Former Husband to spend ten days in jail as a sanction for failing to pay alimony and set the purge amount at $5000. We affirm that part of the order finding the Former Husband in contempt without discussion. See DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005) (“A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.”). However, we reverse that part of the contempt order imposing incarceration because there was no evidence that the Former Husband had the present ability to pay the purge amount.
Florida Family Law Rule of Procedure 12.615(e) provides that
[i]f the court orders incarceration ... for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor’s present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding.
The trial court found that the Former Husband had the ability to purge his contempt and avoid incarceration by paying $5000 to the Former Wife’s attorney. It further found that the Former Husband had “the present ability to pay the purge amount because, as noted in this Court’s September 14, 2011 Order, he has a $40,000.00 retirement account, from which he can take an advance.” On appeal, the Former Husband argues, and the Former Wife concedes, that there was no indication in the September 14, 2011, order or at the two hearings related to the contempt order, that the Former Husband has a retirement account. Because there was no evidence that the Former Husband had the present ability to pay the purge amount, the trial court erred in ordering that he be incarcerated. See Pierce v. Pierce, 18 So.3d 1074, 1075 (Fla. 2d DCA 2009) (holding that a trial court must make an affirmative finding that a person has *535 the present ability to pay the purge amount before ordering that he or she be incarcerated for civil contempt pursuant to rule 12.615(e)). Therefore, that portion of the order imposing incarceration upon the Former Husband is reversed.
On remand, it should be noted that the trial court has yet to consider the Former Husband’s petition to modify alimony which has been pending since December 18, 2009. At a hearing on August 23, 2010, the trial court noted that the motion was noticed for hearing that day but stated that it would not be heard: “I will, however, set and notice a case management conference to address that matter in the very near future. And also today I will enter a referral to mediation in order to comply with our Chief Judge’s administrative order requiring mediation of the post judgment proceedings.” There is no indication in the record that after this hearing on August 23, a case management conference was scheduled or the motion was referred to mediation.
Thereafter, at the contempt hearing on July 7, 2011, the Former Husband again asked the trial court to rule on his motion to modify alimony. “I just would like to go back to a hearing in which I requested, it was a hearing that Judge Weiss was to hear in reference to modifying .... ” However, the Former Wife’s attorney incorrectly led the trial court to believe that it had already ruled on the motion:
MR. ROSE: Well, you did it actually.
THE COURT: I did it?
MR. ROSE: Yes.
THE COURT: Okay. When did I do that?
MR. ROSE: That was part of our hearing on the motion for contempt, you did it all at the same time.
MR. ARIAS: I wasn’t aware that that happened. I was not aware that that happened.
THE COURT: Well, did I enter any kind of order?
MR. ROSE: Yeah. It’s part of the same order, that same order.
MR. ARIAS: But I — I mean, I—
THE COURT: Hang on.
MR. ARIAS: — I do not recall any of that—
MR. ROSE: Yeah, it is part of the—
THE COURT: Okay, I am looking at that order, let me just look at it.
MR. ARIAS: — okay.
THE COURT: It’s just about the motion for contempt, oh, wait a minute.
MR. ROSE: And motion to set aside the financial [sic] judgment based on fraud. That was his motion—
MR. ARIAS: That — no, no, I am sorry, that—
THE COURT: Don’t talk. Don’t talk. MR. ARIAS: I am sorry.
THE COURT: That is the contempt motion. Yeah, okay, yeah, that is right. We had them together.
The Former Husband tried to explain that the motion to modify alimony was a different motion than the motion to set aside the final judgment of dissolution of marriage based on fraud, but the trial court stated only, “I understand.” On remand, he should have the opportunity to have his motion heard. See Walters v. Walters, 96 So.3d 972, 978 (Fla. 4th DCA 2012) (holding that when deciding a petition to modify alimony, the trial court should consider the recipient’s needs at the time the payor’s income substantially changed).
Accordingly, we affirm in part and reverse in part the amended order granting the Former Wife’s motion for contempt, *536 and we remand for proceedings consistent with this opinion.
SILBERMAN and MORRIS, JJ., Concur.