IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS F. ROSENBLUM,
FORMER HUSBAND,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D14-2366

v.

ANNE R. ROSENBLUM, N/K/A
ANNE R. MOORE, FORMER
WIFE,

Appellee.

_____/

Opinion filed October 8, 2015.

An appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

Thomas F. Rosenblum, pro se, Appellant.

Geraldine C. Hartin, Orange Park, for Appellee.

KELSEY, J.

Appellant, the former husband, appeals an order finding him in indirect civil contempt for failing to pay the full amount of child support established as his obligation when the parties' marriage was dissolved in 2003. The former husband

filed a motion to modify child support on April 27, 2007, asserting that circumstances had changed since the dissolution and that these changes required recalculation of child support. He also challenged a provision in the final judgment of dissolution stating that his substantial parenting would not trigger any reduction in child support. The former wife filed a motion for contempt on August 8, 2007, asserting parenting issues and arrearages in child support. The former husband intended for all pending motions to be set for hearing together, and thought that would be the case, but only the former wife's motion for contempt proceeded to hearing. At that hearing, the former husband objected repeatedly to proceeding without first or simultaneously resolving the issues raised in his earlier-filed motion to modify child support. The trial court contemplated a subsequent hearing on the motion to modify, and counsel for the former wife noted that the amount would be subject to change if modified at a later hearing.

The former husband was entitled to have his motion to modify heard and resolved before or simultaneously with the hearing on the former wife's later-filed motion for contempt. Arias v. Arias, 133 So. 3d 533, 535 (Fla. 2d DCA 2013) (on appeal from order entered on former wife's motion for contempt for nonpayment of alimony, remanding for hearing on former husband's motion to modify alimony); Herrera v. Sanchez, 885 So. 2d 480 (Fla. 5th DCA 2004) (reversing order of contempt for failure to hold a hearing on petitions for downward

modification, among other issues); <u>Deutsch v. Deutsch</u>, 368 So. 2d 625, 625 (Fla. 4th DCA 1979) (holding trial court erred in refusing to allow hearing on petition for modification before adjudicating question of contempt).

The arrearages due up to the date the motion to modify was filed were properly calculated on the basis of the child support amount set forth in the final judgment of dissolution, which was a specified amount not subject to automatic reduction if any particular expense later changed. We affirm those arrearages up to the date the motion to modify was filed. Any adjustment in the former husband's child support obligation determined to be appropriate as a result of his motion to modify, however, should have been taken into consideration in establishing the arrearage amount, if any, due after the date the motion to modify was filed. <u>See Pierce v. Pierce</u>, 18 So. 3d 1074 (Fla. 2d DCA 2009) (noting that alimony could not be reduced for period prior to filing of supplemental petition to modify).

Accordingly, we reverse the judgment in part and remand for further proceedings on the former husband's motion to modify child support. The trial court shall resolve the issues of whether child support should have been modified beginning as of the date the former husband filed the motion to modify, based on the parties' then-existing financial circumstances and the former husband's substantial parenting time. Both parties continue to have the right to file any

3

additional or amended motions for modification that might be appropriate to reflect the passage of so much time in the course of the litigation and appeal.

With respect to the other rulings in the judgment on appeal, we affirm the judgment as it relates to attorney's fees, insurance coverage, and payment of child support through the State Disbursement Unit.

AFFIRMED in part; REVERSED in part and REMANDED for further proceedings.

SWANSON and OSTERHAUS, JJ., CONCUR.