IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SENCOA DAMAIR
CRAWFORD,

      Appellant,

v.

DEPARTMENT OF REVENUE
and TANISHA CHARMIA
WATSON,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2059

Opinion filed May 16, 2017.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

Neil L. Weinreb, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Carrie R. McNair, Assistant Attorney General, Child Support Enforcement, Tallahassee, for Appellees.

WOLF, J.

Appellant challenges an order entered by the circuit court that adopted a hearing officer's recommended order finding appellant in contempt for failure to pay child support and ordering his immediate incarceration until he paid a $500 purge. Appellant raises several arguments, two of which merit discussion. He

argues (1) there was not competent, substantial evidence to support the finding that appellant had the present ability to pay the $500 purge; and (2) the hearing officer erred when she ordered appellant's immediate arrest without the authority to do so. The Department of Revenue (the Department) correctly concedes error. Thus, we reverse.

Facts

In September 2014, the circuit court entered an order finding that appellant was the legal parent of two minor children. The court ordered appellant to pay $511 a month in child support, plus $3,066 in retroactive child support.

In January 2016, the Department filed a motion for contempt for failure to pay child support and a notice of hearing. Hearing officer Athiel Jones conducted a hearing on March 30, 2016, during which the Department alleged that appellant had not paid much in child support since the original support order was entered, except for several $500 payments as a purge in prior contempt proceedings. Appellant's last payment was a partial purge payment on July 14, 2015, and he still owed $10,964 in child support.

Appellant testified that he did not have a job, but he wished to pay his child support. Appellant was unable to find employment and had applied to 30 different jobs with no success. He did not have a driver's license at the time of the hearing, and that had impaired his ability to find employment. However, appellant had

2

gotten three or four days' work through a temporary agency at $9.30 an hour, and he was expecting to continue getting some work from the agency over the next couple of months. He requested that an income deduction order be sent to the temporary agency. He stated he had not turned down any work. A financial affidavit showed appellant had no assets or money other than $15 cash, and appellant further testified that he survived by receiving shelter and food from his girlfriend.

After stating that she had reviewed appellant's payment history, the hearing officer found appellant in contempt and ordered that he be immediately incarcerated with a $500 purge. Counsel for appellant objected and asked what competent, substantial evidence the hearing officer thought established that appellant had the present ability to pay the purge amount. The Department's counsel argued that "it's the payment history." The hearing officer explained that "I do find he has an ability to pay. He has an ability to earn income." Appellant's counsel objected that was not the correct legal standard. Counsel also objected that the hearing officer lacked the legal authority to order that someone be incarcerated. The hearing officer responded, "Thank you for bringing that to my attention," but did not rescind her order that appellant be incarcerated. Appellant was arrested.

On April 5, 2016, a hearing officer reduced the purge amount, and appellant paid the reduced purge and was released on that date.

3

On April 6, 2016, the hearing officer issued a written order on the March 30, 2016, hearing recommending that the circuit court find appellant in contempt. Specifically, the hearing officer noted that appellant testified that he had no physical disabilities that prevented him from working, that he had done some work for a temporary agency, and that he had previously paid two purges of $500 but had never made a regular child support payment. A circuit court judge adopted the recommended order on April 11, 2016. After appellant filed his notice of appeal, the Clerk of Court determined that appellant was indigent based on his financial affidavit.

## I. Present Ability to Pay

Appellant argues that the hearing officer's finding that appellant had the present ability to pay the $500 purge, which was later adopted by the circuit court, was not supported by competent, substantial evidence. The Department correctly concedes error.

Although a judgment of contempt is presumed correct on appeal, it will not be upheld if there is insufficient evidence in the record to support it. Williams v. Williams, 152 So. 3d 702, 704 (Fla. 1st DCA 2014).

The Florida Supreme Court has held that the initial order or judgment directing a party to pay support must be predicated on an affirmative finding that the party has the present ability to pay. Bowen v. Bowen, 471 So. 2d 1274, 1278

4

(Fla. 1985). The burden of proof then shifts to the defaulting party, who must show he is no longer able to meet his support obligations. Id. at 1278-79. The court must then evaluate the evidence to determine whether the party has willfully violated the support order. Id. If the court finds the party in contempt for failure to pay, that order must contain a specific finding that the party had the present ability to pay support but willfully failed to do so. Fla. Fam. L. R. P. 12.615(d)(1). The court may impose a variety of sanctions for contempt, including incarceration, but an order imposing incarceration must set conditions for purge of the contempt based on the contemnor's ability to pay and must include a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions. Fla. Fam. L. R. P. 12.615(e); Bowen, 471 So. 2d at 1279.

"The purpose of a *civil* contempt proceeding is to obtain *compliance* on the part of a person subject to an order of the court. Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor's 'key to his cell.'" Bowen, 471 So. 2d at 1277 (quoting Pugliese v. Pugliese, 347 So. 2d 422 (Fla. 1977)).[*]

---

[*] The circuit court has means other than incarceration available to seek compliance with a court order, such as requiring an unemployed party to seek proper employment and to report weekly until the employment is secured. Bowen v. Bowen, 471 So. 2d 1274, 1278 (Fla. 1985). See also Herrera v. Sanchez, 885 So. 2d 480, 482 (Fla. 5th DCA 2004) (holding the circuit court erred in holding an

In appellant's case, the hearing officer found appellant had the present ability to pay his regular child support obligation and the $500 purge based on his history of paying prior purges and his ability to gain employment. However, neither his payment history nor his ability to obtain a job was competent, substantial evidence that he had the present ability to pay. Appellant testified that he had no assets and no income. The lower court determined appellant was indigent, establishing that he lacked a present ability to pay. See Bowen, 471 So. 2d at 1279 ("The finding of the trial judge that the respondent was indigent for purposes of the appeal affirmatively establishes that the respondent was indigent and had no present ability to pay the purge amount."). Thus, there is no competent, substantial evidence supporting the finding of contempt and subsequent incarceration. As such, we reverse the contempt order.

indigent party in contempt for failure to pay child support based on the court's finding that the party was capable of earning minimum wage because "the appropriate action was to order him to seek proper employment"); Lawrence v. State, Dept. of Revenue ex rel. Walker, 755 So. 2d 139, 140 (Fla. 2d DCA 1999) (finding where a party presented evidence that he lacked the present ability to pay child support but it appeared he was voluntarily underemployed, the circuit court erred in finding him in contempt and instead should have ordered him to find proper employment).

## II. Hearing Officer's Authority to Incarcerate

Appellant argues the hearing officer erred by ordering appellant's arrest without any authority to do so, thus making the incarceration per se illegal. The Department concedes error.

The Florida Family Law Rules of Procedure grant a hearing officer general powers and duties to conduct proceedings and to enter recommended orders to be reviewed by the circuit court. Fl. Fam. L. R. P. 12.491(e)-(f). These enumerated powers do not include the power to order an arrest. In contrast, the Family Law Rules of Procedure state that a circuit court judge may impose incarceration as a sanction for civil contempt. Fl. Fam. L. R. P. 12.615. The circuit court also has the inherent power to punish contempt, including by incarceration, under the Florida Constitution. See Ex parte Earman, 95 So. 755, 760 (1923).

The hearing officer, unlike the circuit court judge, is neither a constitutional officer nor a member of the judiciary. Thus, a hearing officer lacks the authority either to enter an order of contempt or to order incarceration. See Gray v. State, 489 So. 2d 86 (Fla. 5th DCA 1986) (finding a special master lacked the authority to order a former husband's arrest for failure to pay support, and thus the former husband's conviction for resisting that arrest without violence could not stand).

Here, the hearing officer found appellant in contempt and ordered his immediate incarceration without any authority to do so, which was error.

We note that the Department suggests this issue may be moot because appellant has already been released from incarceration. However, appellant argues that the issue is not moot because it is an issue that is capable of repetition but would evade review. We agree. See State v. S.M., 131 So. 3d 780, 783 (Fla. 2013) (stating a challenge to the legality of a juvenile's pre-hearing detention was not moot and would continue to evade review because a juvenile is detained for only a short period of time before the adjudicatory hearing).

In summation, we find there was no competent, substantial evidence that appellant had the present ability to pay his child support obligation or the purge amount, and that the hearing officer lacked the authority to order appellant's incarceration. As such, we REVERSE the contempt order.

LEWIS and WETHERELL, JJ., CONCUR.