# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3531
LT Case No. 2019-DR-001197

———————————————

JEFFERY S. KELLY,

    Appellant,

    v.

NATALIE A. KELLY,

    Appellee.

———————————————

On appeal from the Circuit Court for Marion County.
R. Gregg Jerald, Judge.

Justin Eisele, of Gagnon Eisele, P.A., Longwood, for Appellant.

No Appearance for Appellee.

July 11, 2025

MACIVER, J.

The trial court entered an "Order on Motions" which, *inter alia*, found Appellant, Jeffery S. Kelly ("Former Husband"), to be in contempt for willfully and substantially violating an order to pay alimony to Appellee, Natalie A. Kelly ("Former Wife"), and ordered Former Husband to pay the arrearage within thirty days or face incarceration.

However, the Order on Motions fails to comply with Florida Family Law Rule of Procedure 12.615, which governs orders of contempt and sanctions flowing therefrom in support matters. The rule provides that after hearing testimony and evidence, the court shall enter a written order granting or denying the motion for contempt. Fla. Fam. L. R. P. 12.615(d)(1).

In doing so, the trial court may impose appropriate sanctions to obtain compliance with the order including, *inter alia*, incarceration, provided the order includes "conditions for purge of the contempt, based on the contemnor's present ability to comply." Fla. Fam. L. R. P. 12.615(d)(2) and (e). The order must include "a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding." Fla. Fam. L. R. P. 12.615(e).

Here, the Order on Motions meets most of the criteria required by rule 12.615. But the Order on Motions did not include a finding that Former Husband had the present ability to pay the arrearage to purge himself of the contempt.

Because the Order on Motions is facially deficient, we reverse that portion of the order imposing incarceration upon Former Husband if he fails to pay the purge amount, and remand to the trial court with instructions to either enter a written order finding that of Former Husband has a present ability to pay the purge amount, or for further proceedings. *See Pierce v. Pierce*, 18 So. 3d 1074, 1075 (Fla. 2d DCA 2009) (reversing that portion of the order imposing incarceration upon Mr. Pierce because the trial court failed to make a separate affirmative finding that Mr. Pierce had the present ability to pay $25,000 to purge himself of the contempt); *Bowen v. Bowen*, 471 So. 2d 1274, 1280 (Fla. 1985) (holding that the trial court may not incarcerate a civil contemnor without an affirmative finding that he has the ability to pay the purge amount).

The Order on Motions is affirmed in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

EISNAUGLE and HARRIS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---