429 So.2d 414 (1983)
Albert J.W. NOVAK, Appellant/Cross-Appellee,
v.
Patricia H. NOVAK, Appellee/Cross-Appellant.
No. 81-876.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Rehearing Denied April 25, 1983.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, and Eleanor Levingston Schockett, Miami, for appellant/cross-appellee.
Thomas M. Pflaum of Simon, Schindler & Hurst, P.A., and Sharon B. Jacobs, formerly of Simon, Schindler & Hurst, P.A., Miami, for appellee/cross-appellant.
DOWNEY, Judge.
The appellant, Albert J.W. Novak, attacks the final judgment of dissolution of marriage, contending that the trial court erred in finding a constructive trust in favor of the appellee wife to the extent of one-half of the husband's stock in a closely held corporation. However, our consideration of the record and briefs leads us to hold that there is substantial competent evidence to support that finding by the trial court.
By way of cross-appeal the appellee, Patricia K. Novak, suggests the trial court erred in failing to award her a) one-half of the husband's pension fund, b) rehabilitative alimony and the husband's interest in the house, c) attorney's fees, and in failing to fix a value for the corporate stock and property so that the parties would not remain business partners. Oddly enough, both parties complain of the latter result because it creates the intolerable situation of these erstwhile mates being required to operate a business together. On other occasions this court has discouraged that financial *415 arrangement. See Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980), and Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980). Therefore, while we affirm the trial court's determination of a constructive trust and the awards made in favor of the wife, we hold that the value of the stock should be determined and the wife should be awarded that value to be paid by the husband on such terms and conditions as the trial court determines are reasonable considering the husband's financial ability to amortize the sum in question.
We find no merit to the wife's claim of an interest in the husband's pension fund nor for rehabilitative alimony. The court awarded her permanent alimony in the sum of $1500 per month. That award is both appropriate and adequate. The court allowed each party to retain his own pension fund and no abuse of discretion is demonstrated in this regard.
The refusal to allow the wife any attorney's fees we hold was error. Without detailing the various elements in making that determination, suffice to say that considering the respective assets of the parties and particularly the husband's substantial income, we believe it was an abuse of discretion not to award her some attorney's fees.
Accordingly, the judgment appealed from is affirmed in all respects except two. The failure to award the wife all or a reasonable portion of her attorney's fee is reversed. Upon remand, in addition to determining an award of attorney's fees, the trial court is directed to determine the value of the stock awarded to the wife and in lieu of said stock award her the value thereof, and fix the terms and conditions under which the husband shall amortize said amount.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
ANSTEAD and HURLEY, JJ., concur.