549 So.2d 1033 (1989)
Revalle ROBBINS, Appellant,
v.
Harry C. ROBBINS, Appellee.
No. 88-2636.
District Court of Appeal of Florida, Third District.
June 20, 1989.
Rehearing Denied October 20, 1989.
Barranco, Kellough and Kircher and Peter Kircher, Miami, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Bruce A. Christensen and Robert J. Fiore, Miami, for appellee.
Before NESBITT, JORGENSON and COPE, JJ.
NESBITT, Judge.
The wife appeals the property distribution in a divorce case. We reverse.
At the time of the divorce, the husband held the controlling interest in his closely held amusement park corporation. The trial court held the husband's stock in this business to be a marital asset and valued the stockholdings at $4 million. The court transferred an undivided one-half interest in the husband's stock to the wife subject to restrictions on her use of the stock. He also awarded the wife $5,000 per month in alimony and otherwise divided the other tangible property between the pair. The wife appeals the court's failure to award her the $2 million cash value of her share of the corporate stock.
Granting the wife a one-half interest in the stock of a closely held corporation has the effect of requiring the former spouses to operate as business partners. Such a financial arrangement is intolerable, Novak v. Novak, 429 So.2d 414 (Fla. 4th *1034 DCA), review denied, 438 So.2d 833 (Fla. 1983); see Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980), Bird v. Bird, 385 So.2d 1090 (Fla. 4th DCA 1980), and places the spouse without any real control over the closely held corporation at a distinct disadvantage to the spouse who runs the business.
The trial court's failure to award the wife the value of the stock denied her the full and complete benefit of equitable distribution. We therefore, reverse that portion of the marriage dissolution order which divided the stock one-half to each party. This result requires vacation of the $5,000 per month permanent periodic alimony award to the wife so that the trial court may consider alimony needs in light of the cash distribution to the wife of her share of the corporate stock.
The trial court found that the husband did not have the financial ability to make an immediate cash payout to the wife. However, there are various alternatives which the trial court may consider in order to provide the wife with the cash value of her stock. Alternatives include: requiring the husband to purchase the wife's interest within a reasonable time; directing the husband to make periodic installment payments on a lump sum obligation or principal repayment or both; or requiring a sale of the corporate stock at issue and distributing the profits equally. Our suggestions are by way of illustration rather than limitation upon the chancellor's power to make and implement an equitable decree.
Upon remand, the chancellor's goal should be to devise a plan of distribution which causes the least interference with the ongoing business of the corporation, yet which is practical and beneficial to both spouses. In cases involving situations such as this, the chancellor, after determining the equitable distribution which is to be made, should nonetheless schedule a further hearing (evidentiary in nature if required) where, with the assistance of the parties or their counsel, a suitable plan for implementing the property distribution can be devised.
Reversed and remanded.