NORTHCUTT, Judge.
Nick Nicholas challenges the financial aspects of the judgment dissolving his marriage to Maria Nicholas. He contends the circuit court abused its discretion when imputing income to him for the purpose of setting alimony and child support, and in distributing the parties’ assets. We reverse the alimony and child support awards because the amount of income imputed to Mr. Nicholas was not supported by competent, substantial evidence. We affirm the equitable distribution without further discussion.
The case was tried before a general master. Mr. Nicholas, who apparently was unrepresented at the time, failed to appear despite receiving notice. Mrs. Nicholas testified about Mr. Nicholas’s income and the parties’ lifestyle. Mr. Nicholas had previously run a fish business but, according to Mrs. Nicholas, he had some Microsoft “certification papers.” She said he was presently doing some unidentified work with computers. Mrs. Nicholas introduced her year-old financial affidavit, which claimed monthly expenses of $2366. She testified that these expenses were consistent with the standard of living established in the marriage. But the financial affidavit also reflected that Mr. Nicholas’s mother paid $1000 of these monthly expenses. When asked whether Mr. Nicholas always made enough money to support the household at the approximately $2400 per month level, Mrs. Nicholas responded “[sjometimes he did, yes.” She also admitted that her mother-in-law helped the family from time to time.
Mrs. Nicholas’s attorney then read into the record the testimony of Sal Valentino, a computer shop owner who had testified at a previous temporary support hearing concerning the amount Mr. Nicholas might earn as a computer technician. Valentino *247 reviewed records that showed Mr. Nicholas had taken some classes and tests in order to become certified by Microsoft, but he did not see any records that showed Mr. Nicholas had actually attained certification. According to Valentino, a computer technician with Microsoft certification could earn between $40,000 and $70,000 per year. Someone with networking experience, but without the certification, could expect a starting salary of between $30,000 and $50,000 per year.
In his report and recommendation to the circuit court, the general master imputed $30,000 per year income to Mr. Nicholas. Using the imputed income, he proposed to award the wife $400 per month in permanent alimony, and he calculated Mr. Nicholas’s child support obligation as $347.05 per month. Mr. Nicholas objected to the general master’s report, contending among other things that the general master should not have imputed income to him. After a hearing, the circuit court denied the objections and entered a final judgment approving the general master’s report and adopting the master’s alimony and child support awards.
While we do not countenance Mr. Nicholas’s failure to appear at the final hearing, we must reverse because the master’s finding that Mr. Nicholas could earn $30,000 per year was not supported by competent, substantial evidence. See Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998). Accordingly, the circuit court erred in basing its award of alimony and child support in the final judgment on the master’s report.
Generally, a court may impute income if a spouse is earning less than he could, if there is a showing that he has the capability of earning more by using his best efforts. See Ritter v. Ritter, 690 So.2d 1372, 1374 (Fla. 2d DCA 1997). We first note that Mrs. Nicholas presented no evidence at all concerning either Mr. Nicholas’s present earnings or his earning history. See Solomon v. Solomon, 861 So.2d 1218, 1220 (Fla. 2d DCA 2003) (noting that in imputing income a court must consider a spouse’s recent work history, as well as his occupational qualifications and the prevailing salary in his field). She did not introduce any documentary evidence, such as tax records or pay slips, that would show his actual income. Nor did she seem to know exactly what Mr. Nicholas did to earn money, or what his present earnings were.
Lacking this information, the general master primarily relied on Mrs. Nicholas’s testimony that her husband had maintained the family’s standard of living at approximately $2366 per month. But as previously noted, Mrs. Nicholas’s testimony was contradicted by her own financial affidavit, introduced in evidence. That affidavit stated that Mr. Nicholas’s mother paid $1000 of the parties’ monthly expenses. Deducting that amount, the parties contributed only $1366 per month to their own standard of living. Moreover, Mrs. Nicholas’s gross income was shown as $921 per month. Her testimony was simply insufficient to establish her husband’s income or income-earning potential.
Nor did Sal Valentino’s testimony provide competent, substantial evidence of Mr. Nicholas’s earning capability. While Valentino stated that a person with Microsoft certification could earn a certain salary, Valentino did not know what certificates Mr. Nicholas had earned, or even what work he was presently doing. Cf. Hinton, 725 So.2d at 1157 (“[Attainment of a degree alone does not guarantee employment or a particular salary, and thus does not constitute sufficient evidence to support imputation.”). Valentino’s testimony was inadequate to justify the imputation of income in the final judgment.
*248 We reverse the circuit court’s decision to impute income to Mr. Nicholas, and therefore we must also reverse the awards of child support and alimony based on this income. We remand for the court to take further evidence on this issue. See Batson v. Batson, 821 So.2d 1141, 1143 (Fla. 5th DCA 2002) (Peterson, J., concurring) (stating that one of the judicial purposes in marriage dissolutions is to promote equity; therefore remand for the purpose of further evidentiary proceedings is appropriate in order to cure a deficiency that was not attributable to the trial judge, but to one or both of the parties). If, on remand, Mrs. Nicholas presents competent, substantial evidence that Mr. Nicholas is earning less than he could, and has the capability of earning more by using his best efforts, the court may again impute income to him and use that income to establish awards of alimony and child support. Otherwise, the alimony and child support must be based on his actual income.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and SALCINES, JJ., Concur.