WELLS, J.
The former husband appeals the distribution of assets and the custody determination contained in a final judgment of dissolution of marriage. The former wife cross appeals the court’s distribution of several assets. We affirm in part, reverse in part, and remand for further proceedings.
The couple was married in October, 1990. Prior to their marriage, they exe *952 cuted an “Antenuptial Agreement” that provided for the protection of the parties’ “separate assets” in the event of a dissolution of marriage. The parties separated in August, 2000. At that time, the parties’ son was a little over one year old. The former husband was self-employed as the President of Globalis, Inc., a software development and web design company, acquired and developed during the parties’ marriage. The former wife was employed as a Business Development Manager for Apple Computer.
Of the eight issues argued on appeal and cross appeal, we find merit only in the claim that the trial court erred in concluding, without sufficient evidence as to value, that the shares of Globalis should be equally distributed between the spouses. The parties correctly concede that this asset was not properly valued below and that it was improper for the trial court to leave the parties as joint owners of this closely held business. See Ross v. Bandi, 566 So.2d 55, 56 (Fla. 4th DCA 1990) (citing Saxton v. Saxton, 454 So.2d 575 (Fla. 4th DCA 1984)) (“[w]hen property valuation is an integral part of the court’s entire plan of distribution, confusion as to value requires reversal of the property award”). As we observed in Robbins v. Robbins, 549 So.2d 1033, 1033-34 (Fla. 3d DCA 1989), granting a former spouse a shared interest in the stock of a closely held corporation has the effect of “requiring the former spouses to operate as business partners. Such a financial arrangement is intolerable.”
The parties must, therefore, on remand present proper valuation evidence for Glo-balis so that the trial court may, as the parties agree, award this asset to one of the spouses and “devise a plan of distribution which causes the least interference with the ongoing business of the corporation, yet which is practical and beneficial to both spouses.” Id. at 1034. The remainder of the final judgment is affirmed subject to redistribution of the marital assets, if necessary, to effectuate distribution of Globalis.[1]
Affirmed in part, reversed in part, and remanded for further proceedings.

. As we noted in Robbins, there are a number of alternatives available to provide a spouse with the cash value of his or her stock in a corporation distributed to the other spouse. See Robbins, 549 So.2d at 1034 (alternatives include: requiring one spouse to purchase the other’s stock interest within a reasonable time; directing periodic installment payments on a lump sum obligation or on a principal repayment, or both; ordering the sale of all stock with equal distribution of the proceeds).