932 So.2d 1269 (2006)
Jean M. PAVESE, Appellant/Cross-Appellee,
v.
Michael P. PAVESE, Appellee/Cross-Appellant.
No. 2D05-1249.
District Court of Appeal of Florida, Second District.
July 14, 2006.
*1270 Cynthia L. Greene of Law Offices Greene Smith McMillan, P.A., Miami, and Law Offices of Rubinstein & Holz, P.A., Fort Myers, for Appellant/Cross-Appellee.
Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and William T. Haverfield of Pavese Law Firm, L.L.P., Fort Myers, for Appellee/Cross-Appellant.
NORTHCUTT, Judge.
In its final judgment dissolving the Paveses' marriage, the trial court named Mrs. Pavese as the primary residential parent of the parties' remaining minor child, directed Mr. Pavese to pay rehabilitative alimony and child support, reserved jurisdiction on the issue of permanent alimony, and distributed the parties' assets and liabilities. In this appeal and cross-appeal, both parties point out that the final judgment does not contain factual findings that are required by law. Accordingly, we reverse the judgment in all respects except insofar as it dissolves the parties' marriage and provides for custody of the child.
When awarding or denying alimony, a court is required to make factual findings pertinent to the marital standard of living, the duration of the marriage, the age and health of the parties, and the economic circumstances of the parties. § 61.08, Fla. Stat. (2003). The failure to make such findings is reversible error. Walker v. Walker, 818 So.2d 711 (Fla. 2d DCA 2002); Farley v. Farley, 800 So.2d 710 (Fla. 2d DCA 2001). When awarding rehabilitative alimony, a court is required to make findings regarding the rehabilitative plan, and the failure to make such findings is reversible error. Zelahi v. Zelahi, 646 So.2d 278, 279 (Fla. 2d DCA 1994) (reversing and remanding for "findings of fact to support the goals for and the terms and amount of rehabilitative alimony").
Relative to the issues of alimony and child support, a court is required to determine each party's income. §§ 61.08(2)(g), .30(2). If income is imputed to a party, the court must make findings to support the amount. Alpert v. Alpert, 886 So.2d 999, 1001 (Fla. 2d DCA 2004), review denied, 901 So.2d 873 (Fla. 2005).
In fashioning an equitable distribution, a court is required to make specific written findings of fact that identify, classify, value, and distribute the parties' assets and liabilities. § 61.075(3). A final judgment without such findings must be reversed. Pignataro v. Rutledge, 841 So.2d 636 (Fla. 2d DCA 2003).
As mentioned, the final judgment in this case lacks the necessary findings. This failure precludes meaningful appellate review. Moreover, the judgment left unresolved a number of issues raised by the parties. Because the evidence in several areas was disputed, we decline the parties' invitations to comment on the issues in this case until the trial court makes its factual findings.
We affirm the dissolution of the parties' marriage and the custody provisions. In all other respects, we reverse the final judgment and remand for further proceedings. On remand the trial court may, in its discretion, take additional evidence. See Nicholas v. Nicholas, 870 So.2d 245, 248 (Fla. 2d DCA 2004) (noting that further evidentiary proceedings on remand are appropriate when necessary to serve the judicial purpose of promoting equity in marriage dissolutions).
*1271 Affirmed in part; reversed in part; remanded.
FULMER, C.J., and VILLANTI, J., Concur.