PER CURIAM.
The former husband, Gary Ci'ooks, appeals the final judgment of dissolution of marriage. We write to address his contention that the trial court erred by failing to identify and give values to three categories of property. Florida Statutes section 61.075 provides that in any contested action where an agreement has not been reached, specific written findings must be made identifying, valuing, and distributing the marital and non-marital assets and liabilities. “These factual findings required by section 61.075(3) are necessary in order to facilitate effective appellate review of the trial court’s property distribution scheme.” Fulmer v. Fulmer, 961 So.2d 1081, 1082 (Fla. 1st DCA 2007). Although the former wife testified about jewelry, an IBM bank account, and an account at Wachovia, the trial court failed to make the requisite factual findings with regard to those items. In light of the former husband’s statement on appeal that he does not seek to have the assets redistributed, we remand for the trial court to identify those assets and determine if they are marital or non-marital. To the extent that the items are found to be marital assets, the trial court should appraise their values, based on the instant record, and recalculate the equalization payment if the court determines that the current equalization payment is incorrect. We have considered the other issue raised by the former husband but find no error.

Reversed.

SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.