BARZEE FLORES, MARY, Associate Judge.
 

 In its final judgment dissolving the Lifts’ marriage, the trial court awarded each party a fifty percent interest in the wife’s veterinary business, the marital home, and all other assets (except the parties’ six cats, which were awarded to the wife), and ordered that the marital home be sold after the expiration of ninety days from the date of the final judgment. The court also awarded the husband permanent alimony in the amount of $3,000 per month.
 

 In this appeal and cross-appeal, both parties correctly point out that while the final judgment tracked the language of section 61.08(2), Florida Statutes, it contained no specific findings of fact. “In fashioning an equitable distribution, a court is required to make specific written findings of fact that identify, classify, value, and distribute the parties’ assets and liabilities.” Pavese
 
 v. Pavese,
 
 932 So.2d 1269, 1270 (Fla. 2d DCA 2006);
 
 see also Reddell v. Reddell,
 
 899 So.2d 1154, 1155 (Fla. 5th DCA 2005) (“[a] trial court’s failure to make requisite findings regarding an equitable distribution constitutes reversible error”). The failure to do so precludes meaningful appellate review.
 
 Pavese,
 
 932 So.2d at 1270.
 

 Second, the parties correctly agree that the trial court erred in awarding each a half interest in the wife’s veterinary business, thereby forcing them to be business partners. As we have previously held, compelling former spouses to remain in business together “creates [an] intolerable
 
 *261
 
 situation.”
 
 Novak v. Novak,
 
 429 So.2d 414, 414-15 (Fla. 4th DCA 1983); see
 
 also Manolakos v. Manolakos,
 
 871 So.2d 258, 260 (Fla. 4th DCA 2004) (“[dissolution of marriage being what it is, it is clearly an abuse of discretion for the trial court to order two parties who have stated that they do not want to continue to work together after their divorce to do just that”).
 

 Third, the parties agree that the trial court erred in ignoring the following stipulations reached by the parties at trial: (1) The wife stipulated that the husband should be awarded the parties’ car; (2) the husband stipulated that the wife should be awarded the parties’ furniture; and (3) the husband stipulated that the wife should be awarded the veterinary business and that he would accept the wife’s valuation of the business. Because appropriately made stipulations entered into by the parties are generally binding on the court as well as on the parties, the court erred in failing to follow them.
 

 Finally, the parties agree that the trial court could not order the sale of the marital home where neither side filed a pleading requesting that relief.
 
 See Martinez v. Martinez,
 
 573 So.2d 37, 43 (Fla. 1st DCA 1990);
 
 see also Poitier v. Poitier,
 
 458 So.2d 428 (Fla. 3d DCA 1984) (trial court erred “by ordering the partition and sale of real property held by the parties as tenants by the entireties in the absence of an appropriate request”);
 
 Hazelwood v. Hazelwood,
 
 345 So.2d 819, 821 (Fla. 4th DCA 1977) (“to justify partition, one of the parties must plead a right thereto”). Even “[a] general prayer for equitable division of the parties’ property in the petition for dissolution of marriage is not sufficient to justify partition of the parties’ jointly-held property.”
 
 Martinez,
 
 573 So.2d at 43.
 

 As for the alimony award, the wife claims that the trial court also again erred in failing to make findings of fact pursuant to section 61.08(1), Florida Statutes. We agree. A trial court must support its alimony decision by including findings of fact in the final judgment.
 
 Williams v. Williams,
 
 923 So.2d 606, 607 (Fla. 2d DCA 2006);
 
 Geoghegan v. Geoghegan,
 
 969 So.2d 482, 485 (Fla. 5th DCA 2007) (“[i]n order to facilitate meaningful appellate review of the trial court’s alimony determination, it is incumbent upon the trial court to include specific findings of fact regarding the factors enumerated in section 61.08(2)(a)-(g)”).
 

 Here the trial court made no findings regarding the husband’s earning ability and it is unclear whether the court imputed income to him or factored the husband’s potential earnings into the alimony award. Thus, even if permanent alimony is justified in this case, this court cannot review the appropriateness of the amount.
 
 See Melo v. Melo,
 
 864 So.2d 1268, 1269 (Fla. 3d DCA 2004).
 

 Reversed and remanded for further proceedings not inconsistent with this opinion.
 

 WARNER and KLEIN, JJ., concur.