NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEPHANIE THOMPSON, n/k/a )
STEPHANIE McLAUGHLIN, )
         )
        Appellant, )
         )
         )
v. )        Case No. 2D14-791
         )
JERRY MALICKI, )
         )
        Appellee. )
_____ )

Opinion filed July 10, 2015.

Appeal from the Circuit Court for Charlotte
County; Lee Ann Schreiber, Judge.

Christopher R. Bruce of Nugent Zborowski &
Bruce, North Palm Beach, for Appellant.

No appearance for Appellee.

CASANUEVA, Judge.

        Stephanie Thompson, now known as Stephanie McLaughlin (the Former

Wife), seeks review of a supplemental final judgment[1] denying her motion for relocation

---

[1]The trial court entered a "Supplemental Final Judgment Denying
Relocation and Granting Modification of Parental Time Sharing Schedule," followed by
an "Order on Former Wife's Motion for Rehearing," which modifies certain provisions of
the supplemental final judgment, and a "Supplemental Final Judgment on Child Support
and Related Financial Claims (After Motion for Rehearing)," which makes additional
findings and incorporates by reference provisions of the prior supplemental final

of the parties' minor children and granting modification of timesharing and child support. The Former Wife sought to relocate the parties' two minor daughters from Charlotte County to Palm Beach County, where the Former Wife lives with her new husband. She also sought to alter the timesharing schedule regardless of the trial court's decision on relocation, and she sought a modification of child support. The trial court found that relocation was not in the children's best interest but granted a modification of timesharing and ordered child support in accordance with the new timesharing schedule. We affirm as to the modified timesharing schedule and the denial of relocation; we reverse as to the amount of child support, which is based on imputed income not supported by sufficient findings or evidence.

A trial court's imputation of income must be supported by competent, substantial evidence. Gerthe v. Gerthe, 857 So. 2d 306, 308 (Fla. 2d DCA 2003). For purposes of calculating child support, section 61.30(2)(b), Florida Statutes (2011), provides that the trial court shall impute income to a voluntarily unemployed or underemployed parent "absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control." Where income is to be imputed, "the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." § 61.30(2)(b); see Wendel v. Wendel, 852 So. 2d 277, 284 (Fla. 2d DCA 2003). "Because of the uncertain nature of future employment, we have required

judgment. These orders shall be referred to collectively as the supplemental final judgment.

particularized findings regarding work history, occupational qualifications, and the current job market in the community to support the imputation of income. Failure to make these findings results in reversal." Broga v. Broga, 40 Fla. L. Weekly D867, D867 (Fla. 1st DCA Apr. 15, 2015) (citations omitted); see Artuso v. Dick, 843 So. 2d 942, 945 (Fla. 4th DCA 2003).

In this case, the trial court made express findings that the Former Wife is voluntarily underemployed and that there is no mental or physical condition prohibiting full-time employment. These findings are properly supported by the record. However, the supplemental final judgment lacks sufficient findings regarding recent work history, occupational qualifications, and the prevailing earnings level in the community to support an imputed income of $3467 per month.

The testimony at the final hearing established that the Former Wife, a massage therapist and office manager, works twenty-four hours per week and earns $800 every other week. Despite this uncontroverted testimony, the trial court found that the Former Wife works twenty hours per week. No evidence was presented, and no findings were made, as to the Former Wife's recent work history, occupational qualifications, or the prevailing earnings level in the community, other than the fact that the Former Wife is a licensed massage therapist and had been employed full-time by the same employer in 2008. Reliance on past work history alone is insufficient to support imputation of income. Broga, 40 Fla. L. Weekly at D867.

We recognize that evidence was presented that the Former Wife's bills are paid by her new husband, and such reimbursed expenses or in-kind payments may be considered as part of a parent's gross income to the extent that they reduce living

expenses. See § 61.30(2)(a)(13). However, the supplemental final judgment specifically states that the court did not consider the support from the new husband when calculating the Former Wife's income.

Based on the foregoing, we conclude that the imputation of income to the Former Wife is not supported by sufficient findings of fact, nor is it supported by competent, substantial evidence. Accordingly, we reverse as to the imputation of income and the amount of child support calculated pursuant to the imputed income amount. We remand for the trial court to take further evidence on this issue and recalculate the amount of child support as necessary. See Nicholas v. Nicholas, 870 So. 2d 245, 248 (Fla. 2d DCA 2004). In all other aspects, we affirm.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and LaROSE, JJ., Concur.