NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KIMBERLY GOODMAN,                       )
                                        )
          Appellant/Cross-Appellee,     )
                                        )
v.                                      )      Case No. 2D15-2640
                                        )                2D15-5027
SEAN GOODMAN,                           )
                                        )      <u>CONSOLIDATED</u>
          Appellee/Cross-Appellant.     )
_____  )

Opinion filed October 13, 2017.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Kimberly Goodman, pro se.

Bernard T. King of Rubinstein, Holz &
King, P.A., Fort Myers, for
Appellee/Cross-Appellant.


SALARIO, Judge.

          Kimberly Goodman, the former wife, appeals from a final judgment of

dissolution of marriage from which the former husband, Sean Goodman, cross-appeals.

In a consolidated case, Ms. Goodman also appeals from an order dismissing with

prejudice a partition action related to certain marital property.  As to the dissolution

judgment, based principally on the absence of findings concerning stock options

awarded to the former husband, we reverse the equitable distribution, alimony, and

child support determinations and remand for further proceedings as described in this opinion. We affirm the remaining portions of the final judgment and the entirety of the order dismissing the partition action without further comment.[1]

The parties were married for slightly over sixteen years, and Mr. Goodman was the primary breadwinner. In 2013, Ms. Goodman filed a petition seeking a dissolution of the parties' marriage, a determination as to custody of the parties' minor children, and a determination as to support for those children. After making orders for the temporary support of Ms. Goodman and the children and attorneys' fees for Ms. Goodman, the trial court conducted a nonjury trial during which Ms. Goodman elected to proceed without counsel. After trial, the trial court received written closing arguments and rendered the final judgment of dissolution that is the basis of most of this appeal.

The final judgment awarded the wife durational alimony of $6500 per month for a period of eight years. As justification for that award, the trial court determined that the former wife's monthly need was $10,000 and that $3500 of that sum could be met from sources other than the former husband. The trial court also determined that the former husband had the ability to pay $6500 a month of alimony based, in part, on a factual finding that the former husband had annual income of $277,000 as evidenced by his reported 2013 earnings. That figure was also essential to the trial court's determinations concerning the parties' child support obligations.

Mr. Goodman argues that the trial court improperly double-counted, both as a source of income for purposes of determining alimony and child support and as

---

[1] In a related but separate appeal, Mr. Goodman appeals from a final order denying his motion for sanctions against Ms. Goodman, pursuant to section 57.105, Florida Statutes, for proceeding with the partition action. By separate disposition rendered simultaneously with this one, we are affirming that order.

marital assets subject to equitable distribution, some portion of stock options he received as compensation. Mr. Goodman received a stock option award from his employer every year. The options awarded were slated to vest on different dates both before and after Ms. Goodman's filing of the dissolution petition. Mr. Goodman testified without contradiction that the $277,000 income figure upon which the trial court relied included at least some portion of those stock option awards—whether it was some or all, or what portion if it was some, is not clear. At the same time, the trial court also distributed substantial portions of those options to Ms. Goodman as part of the equitable distribution scheme. Hence the potential issue that Mr. Goodman's stock options may have been double-counted both as sources of income and as distributed marital assets.

To Mr. Goodman's point, our court has in fact recognized that if a trial court decides to treat a stock option as an asset, it cannot also treat that same option as income, at least for the purposes of calculating alimony. See Seither v. Seither, 779 So. 2d 331, 333 n.4 (Fla. 2d DCA 1999) (citing Diffenderfer v. Diffenderfer, 491 So. 2d 265 (Fla. 1986)). On the other hand, it is also clear on this record that the trial court could have determined that some options at issue were income and others were assets or that portions were marital while other portions were not. See id. at 332-33; Jensen v. Jensen, 824 So. 2d 315, 317-20 (Fla. 1st DCA 2002). The difficulty we have is that the final judgment contains no findings as to the extent to which the trial court regarded the stock options as a source of income, making them relevant to the alimony and child support determinations, or as assets, making them relevant to the equitable distribution calculation, or both. The only indication we have of the trial court's thinking is that the equitable distribution schedule attached to the final judgment determined that some percentage of each annual options award was a marital asset and some portion was a

nonmarital asset. The equitable distribution schedule says that the support for that determination is on a separate schedule, but no such schedule is attached or is otherwise identifiable. The final judgment does not state whether some or all of the options awards were also included in the trial court's income finding and why or why not.

Because we lack findings that explain the trial court's determination of the character of the stock options—as either (or both) a source of income or marital or nonmarital assets—we are unable to review the trial court's decision and are constrained to reverse. See Geoghegan v. Geoghegan, 969 So. 2d 482, 485-86 (Fla. 5th DCA 2007) (discussing the complex factual determination a trial court must undertake to determine the percentage of stock options that can be considered income for the purposes of alimony, recognizing that the trial court considered at least portions as income, and concluding that it could not "tell from the judgment or the record how the court got there"); see also Doganiero v. Doganiero, 106 So. 3d 75, 78 (Fla. 2d DCA 2013) (requiring that "to ensure meaningful appellate review," a final judgment must "set forth its rationale" for an alimony award); Pavese v. Pavese, 932 So. 2d 1269, 1270 (Fla. 2d DCA 2006) (reversing final judgment that lacked sufficient findings to determine each party's income and to classify marital assets and liabilities). On remand, the trial court should make specific findings that explain whether and to what extent the stock options represent a source of income or marital or nonmarital assets (or both), identify which portions of the options awards are each, and state the reasons for those determinations. Cf. Parry v. Parry, 933 So. 2d 9, 17 (Fla. 2d DCA 2006) (remanding for trial court to allocate, value, and distribute marital portion of stock option awards).

In making these findings, we ask that the trial court consider our decisions in Ruberg v. Ruberg, 858 So. 2d 1147 (Fla. 2d DCA 2003), and Parry, which address

- 4 -

the treatment of stock option awards as marital or, alternatively, nonmarital assets. We further note that the findings we direct the trial court to make involve fact-intensive questions, see, e.g., Ruberg, 858 So. 2d at 1152-54, and to the extent the trial court needs to take additional evidence to resolve them, it is free to do so, see, e.g., Valente v. Barion, 146 So. 3d 1247, 1250 (Fla. 2d DCA 2014).

This exercise will most likely require that the trial court adjust the alimony, child support, and equitable distribution calculations in the final judgment to comport with the results of the findings it is required to make. See, e.g., Thompson v. Malicki, 169 So. 3d 271, 273 (Fla. 2d DCA 2015) ("We remand for the trial court to take further evidence on [the former wife's income] and [to] recalculate the amount of child support as necessary."); J.D.C. v. M.E.H., 118 So. 3d 933, 936-37 (Fla. 2d DCA 2013) (requiring recalculation of child support obligations in light of irregularities in final judgment concerning father's income). In that connection, we note that Ms. Goodman has raised numerous issues related to the trial court's durational alimony award, including that the income imputed to her was unsupported, and has also argued that the trial court failed to award her permanent alimony, retroactive alimony, and child support. While we find no error in the award of durational alimony or the imputation of income, there are related matters that the trial court should address on remand. First, Mr. Goodman argues that the trial court failed to include her imputed income and trust income in calculating how much of her monthly asserted need of $10,000 was met by her own income before awarding the $6500 per month durational alimony amount. And Ms. Goodman is correct that to the extent she sought retroactive amounts, the final judgment fails to make the findings required regarding need and ability to pay. See § 61.08(2), Fla. Stat. (2013). The trial court on remand should consider and clarify any findings in regard to

her request for retroactive alimony for that time. See Alpert v. Alpert, 886 So. 2d 999, 1002 (Fla. 2d DCA 2004). This will also allow the trial court to consider Mr. Goodman's argument that his former wife's imputed income and trust income should be factored into any retroactive award. These issues will likewise bleed into the child support calculations, and we direct a similar determination of the issue of retroactive child support as well. See § 61.30.

We note further that Mr. Goodman correctly asserts that the trial court failed to include the imputed income of the former wife and only listed the support payments as her income in the calculations. See Broga v. Broga, 166 So. 3d 183, 185 (Fla. 1st DCA 2015). He also correctly argues that her trust income is attributable as income for the purposes of child support calculations. See Beck v. Beck, 852 So. 2d 934, 936 (Fla. 2d DCA 2003). Both of these issues, as well as Mr. Goodman's argument that the trial court failed to apply interest income from her trust, are within the scope of the recalculations the trial court must make due to the necessary reconsideration of the distribution and income determinations discussed above and should be considered on remand. The former wife's claims that the trial court erred in its child support calculations by failing to deduct for the cost of her health insurance and in not correctly listing the former husband's income including his in-kind income should likewise be considered on remand.

In sum, we reverse the final judgment of dissolution to the extent expressed in this opinion because the trial court failed to make findings that support its treatment of the stock options awarded to Mr. Goodman as a source of income and marital assets. We remand for the additional proceedings described in this opinion. In

all other respects, we affirm the final judgment of dissolution and the judgment on the related partition action.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and BLACK, JJ., Concur.