DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN S. GARRISON,**
Appellant,

v.

**CATHELINE GARRISON,**
Appellee.

No. 4D17-3401

[October 10, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alfred J. Horowitz, Judge; L.T. Case No. FMCE15-013895 (38/98).

Sean L. Collin of Lyons, Snyder & Collin, P.A., Plantation, for appellant.

Roy D. Wasson of Wasson & Associates, Chartered, Miami, and Stephen M. Zukoff of Law Offices of Stephen M. Zukoff, Miami, for appellee.

MIRMAN, LAWRENCE, Associate Judge.

Kevin Garrison ("Former Husband") appeals a final judgment of dissolution of marriage wherein, following a trial, the court found that Former Husband's closely held business, Garrison's Prosthetic Services ("GPS"), was a marital asset subject to equitable distribution. The court then awarded each party a fifty percent ownership interest in GPS and, in doing so, explicitly declined to "assign a value to GPS." On appeal, Former Husband argues that the court erred in distributing and not valuing GPS. On both points, Former Wife argues that affirmance is mandated because Former Husband has not provided a transcript of the trial court proceedings to this Court. Because the court's errors are apparent on the face of the record, we reverse and remand.

The standard of appellate review regarding equitable distribution is abuse of discretion. *Kovalchick v. Kovalchick*, 841 So. 2d 669, 670 (Fla. 4th DCA 2003). Failure to provide a trial transcript on appeal will usually result in an affirmance of the trial court's ruling. *Wofford v. Wofford*, 20 So. 3d 470, 473 (Fla. 4th DCA 2009). Only facially apparent errors from the record will result in reversal. *Id.*

With respect to the court's equal distribution of GPS, it is well settled in Florida that "compelling former spouses to remain in business together 'creates [an] intolerable situation'" and constitutes an abuse of discretion. *Lift v. Lift*, 1 So. 3d 259, 260–61 (Fla. 4th DCA 2009) (quoting *Novak v. Novak*, 429 So. 2d 414, 414–15 (Fla. 4th DCA 1983)); *Manolakos v. Manolakos*, 871 So. 2d 258, 260 (Fla. 4th DCA 2004) (parties who have stated they do not want to continue to work together after their divorce should not be made to do so); *Menendez v. Rodriguez-Menendez*, 871 So. 2d 951, 952 (Fla. 3d DCA 2004) (error to not properly value a closely held business and leave the parties as joint owners). The record here, limited though it is, established that the parties had an acrimonious relationship and did not want to remain in business together. For example, during contentious motion practice preceding trial, Former Wife alleged that Former Husband terminated her employment with GPS, denied her access to the business bank accounts, and essentially usurped complete control of the business. Therefore, it is facially apparent that the court erred in awarding each spouse half of GPS.

Reversal is also required on the valuation issue. Section 61.075 of the Florida Statutes provides that in any contested dissolution action, the court must make specific written findings identifying, valuing, and distributing marital assets. § 61.075(3)(b), Fla. Stat. (2017). Failure to make the statutorily required findings requires reversal. *Crooks v. Crooks*, 967 So. 2d 969, 970 (Fla. 4th DCA 2007). Here, in contradiction to the governing statute, the trial court specifically declined to "assign a value to GPS." This was error. *Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999) (facially apparent equitable distribution error even without a transcript requires reversal and remand for appropriate findings to be made).

Accordingly, we reverse the portion of the final judgment concerning GPS. On remand, the trial court is to value GPS, award this asset to one of the parties, and devise a plan of distribution which is practical and beneficial to both parties. *See Novak*, 429 So. 2d at 415; *Menendez*, 871 So. 2d at 952.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

*　　　*　　　*

**Not final until disposition of timely filed motion for rehearing.**