DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RHONDA HINES,**
Appellant,

v.

**ARTHUR WILLIAMS,**
Appellee.

No. 4D2022-2182

[February 21, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502018DR008059XXXXSB.

Joshua K. Friedman and Jennifer A. Patti of Brodie & Friedman, P.A., Boca Raton, for appellant.

Susan R. Brown of Susan R. Brown, P.A., Plantation, for appellee.

GERBER, J.

The former wife appeals from the circuit court's original final judgment, supplemental final judgment, and amended supplemental final judgment, which collectively comprise the court's equitable distribution determination. The former wife argues, among other things, that the circuit court's equitable distribution determination did not include factual findings required by section 61.075(1) and (3), Florida Statutes (2021), thus mandating reversal. We agree with that argument and reverse for the circuit court to make such statutorily required findings.

Section 61.075(3) provides:

> *In any contested dissolution action wherein a stipulation and agreement has not been entered and filed*, any distribution of marital assets or marital liabilities *shall be supported by factual findings in the judgment or order* based on competent substantial evidence *with reference to the factors enumerated in subsection (1)*. The distribution of all marital assets and

marital liabilities, whether equal or unequal, *shall include specific written findings of fact* as to the following*:*

(a) Clear identification of nonmarital assets and ownership interests;

(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;

(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;

(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.

§ 61.075(3), Fla. Stat. (2021) (emphases added).

Here, although the supplemental final judgment states the circuit court's equitable distribution worksheet was based "upon agreement of the parties[,]" no such agreement existed. As the parties' pretrial stipulation stated: "[I]ssue[] for the court to decide: … equitable distribution of marital property and marital assets/debts and determination on what is non-marital property."

Moreover, although the circuit court's equitable distribution determination reflected the circuit court took a substantial amount of evidence and referred to facts which could support an unequal distribution of the marital assets and liabilities, the court did not make specific findings referencing the factors enumerated in section 61.075(1), thus compelling reversal on that ground alone. *Fernandez-Tretiakova v. Fernandez,* 313 So. 3d 623, 624 (Fla. 4th DCA 2021).

Further, the circuit court did not make specific written findings of fact clearly identifying "nonmarital assets and ownership interests" per section 61.075(3)(a) even though the equitable distribution worksheet provided a significant monetary distribution of nonmarital assets. "These factual findings required by section 61.075(3) are necessary in order to facilitate effective appellate review of the trial court's property distribution scheme." *Crooks v. Crooks,* 967 So. 2d 969, 970 (Fla. 4th DCA 2007) (citation omitted).

2

The circuit court failed to make these findings even though the former wife's motion for rehearing had reminded the court that such findings were statutorily required and, without such findings, reversible error could occur. As we stated in *Callwood v. Callwood*, 221 So. 3d 1198 (Fla. 4th DCA 2017):

> Reversible error occurs where the equitable distribution in the final judgment is not supported by factual findings with reference to the factors listed in section 61.075(1), as required by section 61.075(3) when a stipulation and agreement has not been entered and filed. Although compliance with section 61.075(3)'s requirements of written findings of fact is not necessary when the parties have reached a valid agreement regarding equitable distribution, these requirements must be met when there is no such agreement and a distribution scheme is ordered by the court.

*Id.* at 1201 (internal citation and quotation marks omitted).

The former wife's failure to furnish transcripts of the two evidentiary hearings leading to the circuit court's equitable distribution determination does not preclude us from reversing for the applicable statutorily required findings to be made. *See Garrison v. Garrison*, 255 So. 3d 877, 878 (Fla. 4th DCA 2018) (even without a transcript of the trial proceedings, "[f]ailure to make the statutorily required findings [under section 61.075] requires reversal"); *Badgley v. Sanchez*, 165 So. 3d 742, 744 (Fla. 4th DCA 2015) ("We are cognizant of husband's failure to provide this court a transcript, but have held a trial court's failure to make statutorily-required [equitable distribution] findings nonetheless warrants reversal."); *Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999) ("Even when no trial transcript is provided to the reviewing court, failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made.") (citation, brackets, and internal quotation marks omitted).

Based on the foregoing, we reverse the circuit court's original final judgment, supplemental final judgment, and amended supplemental final judgment, to the extent those judgments collectively comprise the circuit court's equitable distribution determination. We remand for the circuit court to make the statutorily required factual findings in a second amended final judgment which encapsulates the court's entire equitable distribution determination.

We note that in at least one prior case requiring remand for the purpose of making the statutorily required findings, we have not required the circuit court "to take any additional evidence or conduct further proceedings if the record before it is sufficient." *Fernandez-Tretiakova*, 313 So. 3d at 625. Here, however, given the passage of time since the two evidentiary hearings leading to the prior equitable distribution determination, and the lack of transcripts from those hearings, the circuit court, in its discretion, may: (1) take additional evidence and conduct further proceedings to enable the circuit court to make the statutorily required findings; and (2) amend and/or update its prior equitable distribution determination in light of any additional evidence presented. *Cf. Banton v. Parker-Banton*, 756 So. 2d 155, 156 (Fla. 4th DCA 2000) ("When reversible error occurs with regard to valuation or distribution, the entire distribution scheme must be reversed and remanded to allow the trial court to ensure both parties receive equity and justice.").

On the former wife's remaining arguments on appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.*

MAY and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***