# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-2342
LT Case No. 2022-DR-30066-FMCI

_____

NURBAITI JONES,

Appellant,

v.

DONALD S. JONES,

Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Stasia Warren, Judge.

Edward E. Emrick IV and Clayton M. Emrick, of The Emrick
Family Law Firm, Clermont, for Appellant.

John N. Bogdanoff, of The Carlyle Appellate Law Firm, Orlando,
for Appellee.

May 23, 2025

PER CURIAM.

In this appeal of a dissolution judgment, Wife argues that the
trial court erred by striking her counterpetition and by not making
all the required equitable distribution findings. In the first of those
issues, we affirm without discussion. In the second, we reverse and
remand for the court to make the required findings.

Equitable distribution involves multiple steps. *See McGowan*

*v. McGowan*, 344 So. 3d 607, 610–11 (Fla. 1st DCA 2022). After identifying assets and liabilities, the court must classify each as marital or nonmarital. *Id.* at 611. Next, the court values the marital assets. *Id.* Finally, the court distributes those assets. *Id.* "Although there is a presumption in favor of an equal distribution," the court "may unequally distribute the marital assets and liabilities after considering the ten factors set out in section 61.075(1)(a)–(j)." *Id.*

Unless the parties have executed an agreement, these written findings are mandatory. *See* § 61.075(3), Fla. Stat. (2022); *Kincaid v. Kincaid*, 397 So. 3d 1169, 1175 (Fla. 5th DCA 2024); *Viera v. Viera*, 698 So. 2d 1308, 1308–09 (Fla. 5th DCA 1997). This is true even if the court enters a default judgment. *See Aponte v. Wood*, 308 So. 3d 1043, 1047 (Fla. 4th DCA 2020). Indeed, the absence of these findings is a fundamental error on the face of the judgment. *See Ortiz v. Ortiz*, 306 So. 3d 1081, 1082 n.1 (Fla. 3d DCA 2020); *Diaz v. Diaz*, 300 So. 3d 767, 770 (Fla. 3d DCA 2020).

Here, the court deemed the Sandy Hill property—and its contents—and the Quinebaug Camp property—and its contents—as nonmarital assets belonging to Husband. It also "awarded" the following assets to Husband without expressly classifying them as nonmarital: a 2005 Cadillac, Donbethea, Inc. (its bank account, office furniture, and computers), a TD brokerage account ending in 3506, an unnamed brokerage account ending in 6959, Husband's pension income, and "Husband's personal bank accounts and cash on hand." Of these, only the brokerage account ending in 6959 includes a finding to explain the court's ruling.

Beyond a 2015 Honda, the court awarded Wife some funds from a TD Ameritrade account ending in 5710, a Fidelity 401(k), and a TD Ameritrade HSA ending in 3624. But in each instance, it did not find the account's full value or explain how it determined Wife's share of it. Finally, the court valued the marital home on Ferri Circle at $300,000—awarding Wife half that amount—but it did not explain the basis for this valuation.

Thus, the court committed fundamental error on the face of the judgment by not making "specific written findings of fact that identify, classify, value, and distribute the parties' assets and

liabilities." *See Gayer v. Nicita*, 368 So. 3d 533, 537 (Fla. 6th DCA 2023) (quoting *Pavese v. Pavese*, 932 So. 2d 1269, 1270 (Fla. 2d DCA 2006)). Accordingly, the judgment "must be reversed." *See Rennert v. Rennert*, 307 So. 3d 1021, 1022 (Fla. 2d DCA 2020) (quoting *Pavese*, 932 So. 2d at 1270).

On remand, the court "must make factual findings supporting its classification of the parties' assets and liabilities as marital or nonmarital." *See McGowan*, 344 So. 3d at 615. It must "then set aside the nonmarital assets or liabilities or the nonmarital portions of marital assets before valuing and distributing the marital assets and liabilities between the parties." *See id.* "Further, in considering distribution, the court should begin with the statutory presumption that the distribution should be equal." *See id.*

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

MAKAR, JAY, and SOUD, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____